# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1886.

### A. Cartwright et al. v. S. W. Moore.

#### (Case No. 5610.)

1. Descent—Revised statutes, article 1653, construed—Other descendants than children do not take under the statute regarding the descent of community property, if a husband, wife or child survive. (Following Burgess v. Hargrove, 64 Tex., 110.)

2. Same—Such descendants may take by inheritance from one of the children who died after the decease of their common ancestor, who owned the interest in the community property.

Error from Grayson. Tried below before the Hon. Richard Maltbie.

The plaintiff in error and Lourana Cartwright were husband and wife. They had eight children, to-wit: Martha, who married —— Watson, and died before her mother, leaving six children, M. F., Martha E., E. S., Cora E., E. S. and S. A. Watson; Lillian, who married —— Franklin, and died before her mother, leaving one child, Bettie, who married John C. Saunders; Lon, who died before his mother, leaving one child, Lon, who afterwards died, leaving his mother, Mrs. Donald, his only heir at law; Emily, who married —— McKinney, now dead; Bettie who married John Blassingame; John, James and Ellen; the latter dying after her mother. During their marriage, plaintiff in error and wife, Lourana, acquired the property in controversy. Lourana, the wife, died about April 18, 1867, and afterwards, plaintiff in error, as survivor, filed an inventory and appraisement of the community estate of himself and deceased wife.

S. W. Moore, one of the defendants in error, having purchased the supposed interest of Martha Watson's children, except S. A. Watson's, and Lon Cartwright's child's from its mother, brought suit against plaintiff in error and the other defendants in error, in the district court of Grayson county, for the interest in the community estate, supposed to have been acquired by him by his purchase, and for partition. The plaintiff in error alone made defence to the suit. The case came to trial April 3, 1885, and resulted in a judgment in Moore's favor for one-eighth of one-half and five sixths of one-eighth of one-half of the realty and personalty on hand, and $91.49 in money, and in favor of S. A. Watson for one-sixth of one eighth of one-half of the realty and of the personalty on hand, and $8.39 in money.

*Wilkins & Patty* for plaintiff in error, cited: R. S., art. 1653; Burgess et al. *v.* Hargrove, 64 Tex., 110.

No briefs on file for defendants in error.

STAYTON, ASSOCIATE JUSTICE.—The plaintiff in error and Lourana Cartwright, who died about the year 1867, were husband and wife. They had eight children, of whom five survived their mother, and three died prior to her death, leaving children. The property in controversy was of the community estate of A. and Laurana Cartwright, and after the death of the latter, S. W. Moore acquired whatever interest certain grandchildren of Mrs. Cartwright, whose parents died before their grandmother did, took by inheritance from her in the community estate. These facts appear from the pleadings of the plaintiff, S. W. Moore.

A judgment was rendered in his favor upon the same basis as though he had purchased from grandchildren of Mrs. Cartwright, whose parents survived her. This was error. This question was considered in the case of Burgess *v.* Hargrove, 64 Tex., 110, in which it was held that other descendants than children do not take under the statute regulating the descent of community property, if a husband, wife or child survive. P. D. 4642 ; R. S. 1653. By inheritance from Mrs. Cartwright, those from whom S. W. Moore bought took nothing, and he, through this source, acquired nothing.

The petition, however, alleges that one of the children of Mrs. Cartwright, who survived her, since died intestate, unmarried and without issue, but it does not appear from the averments of the petition, whether she died prior to the purchase by S. W. Moore from some of the grandchildren of Mrs. Cartwright, nor does it appear that the conveyances to him were such as would pass an after acquired title; hence, with the record before us, we are unable to determine whether S. W. Moore has any interest whatever in the property for which he sues.

The views already expressed, render it unnecessary to consider any other assignment than that already considered. The rights of the child of Mrs. Watson, who did not convey to Moore, in so far as claim is made through inheritance from Mrs. Cartwright, stand, of course, as do those of Moore ; but such child, and any other grandchild of Mrs. Cartwright similarly situated, may take by inheritance from any of her children, who have died since her decease, under the laws regulating the descent of other than community estate. For the error mentioned the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 13, 1886.]