**BLUITT et al. v. PEARSON et al.** (No. 508.)

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

Rehearing Denied July 14, 1928.

1. **Appearance** &#8660;23—Any error of district, judge in transferring cause held waived by appearance of parties and participation in trial.

Any error of district court judge in transferring cause to another district on ground that presiding judge had, before appointment, been of counsel for some of parties to litigation, *held* waived by appearance of parties and participation in trial in other district.

2. **Descent and distribution** &#8660;90(4)—Petition by heirs to recover property belonging to estate of deceased held demurrable for failure to allege there was no administration or necessity for one.

Petition in suit by heirs to recover property belonging to estate of deceased, failing to allege that there was no administration on the estate of such deceased or that there was no necessity for one, *held* demurrable, and district court, without such allegation, was without jurisdiction to hear and determine cause.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Suit by Irene Pearson and others against Celester Bluitt and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

See, also, 7 S.W.(2d) 524.

W. O. Dailey and K. C. Barkley, both of Houston, and Ira Lawley, of Groesbeck, for appellants.

Gib Callaway, of Brownwood, O. M. Wroe, of Mexia, and Lyle Saxon, of Dallas, for appellees.

BARCUS, J. This suit was instituted by appellees, some 24 in number, as heirs of Mattie Dancy, deceased, against appellants to recover an undivided one-sixth interest in 40 acres of land, including the mineral rights, and in addition they asked for judgment for certain sums of money which they claimed appellants were due them as heirs of said Mattie Dancy. The cause was tried to a jury, submitted on special issues and resulted in a judgment being entered in favor of appellees in line with their petition. It appears that Mattie and Felix Dancy, two negroes, owned a 40-acre tract of land in the heart of the Mexia oil field, on which there have been drilled a large number of producing oil wells. Felix Dancy died in about 1902, and his wife, Mattie Dancy, died in 1924. Felix and Mattie Dancy had two children, Celester Bluitt and Enes Carter, two of the appellants herein, and Mattie Dancy, in addition to said children, was the mother of Ella Hicks. Ella Hicks died in 1924, a few months before Mattie Dancy died, and left as her sole heirs the appellees in this suit. It appears that Ira Lawley, one of the appellants, was the attorney for Mattie Dancy, Celester Bluitt, and Enes Carter, and that a great deal of litigation had been carried on by reason of the discovery of oil on said land, and said parties had conveyed to him one-half of their interest in said property for his services rendered and to be rendered. The land had been leased by Mattie Dancy, Celester Bluitt, and Enes Carter, they retaining one-eighth royalty. After the lease was made certain portions of the oil royalty were sold to various and sundry parties, and thereafter considerable litigation was instituted or threatened by Mattie Dancy, seeking to cancel said lease and royalty sales. As a result of said litigation, Mattie Dancy recovered as her part, 63⅛/1280 of the one-eighth royalty which she had sold, and recovered certain sums of money, which were paid to her attorney, Ira Lawley. At her death part of the money collected was still in the hands of Mr. Lawley, and the record title to the interest in the oil royalty was in her name. In the adjustments of the lawsuits a small fractional part of Mattie's royalty interest was used by Celester Bluitt and Enes Carter, which the trial court found was in the nature of advancements made by Mattie Dancy to said parties.

[1] Appellants, for the first time in their motion for new trial, contended that the trial court had no authority to try this cause, because Judge Jackson of the Seventy-Seventh district court in Limestone county, who had been, before he was appointed judge, of counsel for some of the parties in this litigation, transferred the cause to the Eighty-Seventh district court in Limestone county, presided over at said time by Judge Bell; their contention being that the order of transfer was absolutely void because Judge Jackson had been of counsel. We overrule this contention. The record shows that the cause was transferred by Judge Jackson to the Eighty-Seventh district court, and that all parties appeared in the Eighty-Seventh district court, announced ready for trial, filed their pleadings, and submitted themselves to the jurisdiction of said court, which, under the Constitution, had the power to hear and determine the matters in controversy, and no objection was made and no exception taken to said cause having been transferred to said court or tried therein until after the verdict was rendered. If there was any error in the action of Judge Jackson in transferring the cause, same was by all parties waived.

[2] Appellants contend that the trial court committed error in overruling their general demurrer, because appellees' petition does

not allege that there was no abministration on the estate of Mattie Dancy or that there was no necessity for one, and that by reason thereof the district court was without jurisdiction to hear and determine this cause. We sustain this assignment. It appears from the pleadings that all of the parties, appellees as well as appellants, are claiming whatever rights they have in and to the property in controversy either as heirs of Mattie Dancy, deceased, or as purchasers from her. Any recovery appellees may obtain by reason of this litigation would inure to the benefit of Mattie Dancy's estate. The law seems to be well settled that in suits by heirs to recover the property or effects belonging to the estate of a deceased person, it is not only necessary to allege but also to prove that no administration was at such time pending upon such estate, and, if not pending, then in that event that no such administration was necessary. Johnson v. Union Nat. Bank (Tex. Civ. App.) 242 S. W. 293; Lopez v. Calzado (Tex. Civ. App.) 281 S. W. 324; Buchner v. White (Tex. Civ. App.) 137 S. W. 383; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640.

The other questions raised by appellants' brief will not likely arise on another trial. Appellants' motion for rehearing is granted, the opinion heretofore written is withdrawn, and the judgment of the trial court is reversed and the cause remanded.