# JUNE, 1928

CELESTER BLUITT ET AL. V. IRENE PEARSON ET AL.

No. 5017. Decided June 13, 1928.
(7 S. W., 2d Series, 524.)

*K. C. Barkley, W. O. Dailey* and *Ira Lawley,* for appellants.

A petition by heirs to recover their ancestor's property is subject to general demurrer unless it contains the allegations, "That there is no administrator and no necessity therefor," or similar allegation. Truehart v. Savings & Loan Co., 64 S. W., 1003; Johnson v. Union National Bank, 242 S. W., 293; Richardson v. Vaughan, 23 S. W., 640.

*Lyle Saxon, O. M. Wroe* and *Gib Callaway,* for appellees.

It was unnecessary for the plaintiffs to allege or prove that there was no administration of the estate of Mattie Dancy and no necessity therefor, for the reason that this suit is not one solely for the partition of an estate among the heirs, but is a suit for the adjudication of title to real estate, the defendants claiming the full title to the lands in controversy by limitation, as well as a suit for the partition of the estate, and the county court has no jurisdiction to try the title to lands. Dowlin v. Boyd, 291 S. W., 1091, by Comm. of Appeals, is decidedly in point.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The following certificate from the Honorable Court of Civil Appeals for the Tenth District is before us:

"About 1870, Felix Dancy and wife, Mattie Dancy, two negroes, purchased as community property, 40 acres of land in Limestone County. There were born to them two children, Celester Bluitt and Enes Carter. Mattie Dancy at the time of her marriage with Felix had one child, Ella Hicks. Felix Dancy died a number of years ago, leaving as his heirs his wife and two children above named. The discovery oil well in the Mexia field was located on the Dancy 40 acres of land and the property has therefore become and is very valuable. As the result of the discovery of oil, a great deal of litigation arose over the title to the land in question. Mattie Dancy, Enes Carter and Celester Bluitt employed Ira Lawley, an attorney, to represent them in their various phases of litigation, and as compensation for his services conveyed to him an interest in the property. Mr. Lawley, during the last years of Mattie Dancy's life, by reason of her being very feeble in mind and body, took charge of certain revenues produced from her estate and collected the moneys on some judgments rendered in her favor and paid out certain sums for her benefit. Mattie Dancy died in 1924, intestate, and her daughter Ella Hicks died a few months before Mattie died. A few months after the death of Mattie Dancy appellees in this case, some twenty-four in number, who are the children and grandchildren of Ella Hicks, brought this suit against Ira Lawley, Celester Bluitt and Enes Carter for the interest in the Mattie Dancy estate which they inherited through their mother, Ella Hicks. They claimed an undivided ⅓ interest in Mattie Dancy's community interest in the 40 acres of land, including the royalty and mineral rights, together with ⅓ of the money which Mr. Lawley had collected and had in his possession for Mattie Dancy at the time of her death.

"The appellants all answered and set up their respective claims in and to the estate of Mattie Dancy, deceased; Ira Lawley claiming that he owned all of the interest of appellees because he had purchased same from Ella Hicks before her death, and further, that he had purchased all of the property from Mattie Dancy before her death. He further set up that he was entitled to a number of credits and offsets for moneys which he had advanced to Mattie Dancy during her lifetime out of the funds that had come into his possession as her attorney. Appellants, in addition to their special de-

fenses, filed a general demurrer to appellees' petition. It appears from the record that the trial court overruled certain demurrers and exceptions urged by appellants to the original petition of appellees filed in 1925. Thereafter in 1926 appellees filed an amended petition on which they went to trial and appellants amended their answer, replying to appellees' amended petition, in which they pleaded a general demurrer, but same was not called to the trial court's attention and no order was made thereon by the trial court. The cause was tried to a jury and submitted on a number of special issues. All of the offsets claimed by Mr. Lawley against Mattie Dancy were determined and disposed of by the judgment. Appellants in their motion for rehearing in the trial court for the first time urged their general demurrer to appellees' petition, and have assigned error in this court to the action of the trial court in refusing to grant them a new trial because, among other reasons the trial court did not sustain their general demurrer. Appellants contend that their general demurrer should have been sustained for the sole reason that appellees did not allege that there was no administration on the estate of Mattie Dancy and that there was no necessity for administration on said estate. In our original opinion we overruled this assignment on the theory that there were matters in controversy between the parties that the county or probate court could not dispose of, and for said reason, under the authority of Groesbeck v. Groesbeck, 14 S. W., 792; Lauraine v. Ashe, 191 S. W., 563; and Lauraine v. Masterson, 193 S. W., 708; and Bartholomew v. Bartholomew, 264 S. W., 721, the district court would have jurisdiction to hear and determine the entire cause. On motion for rehearing filed by appellants we withdrew the original opinion and sustained appellants' assignment presenting said issue. We thereafter overruled appellees' motion for rehearing, and after said motion had been overruled, the case of Dowlin v. Boyd, 291 S. W., 1095, by the Commission of Appeals, was for the first time called to our attention.

"It appears that in the Dowlin v. Boyd case, supra, the Court of Civil Appeals at Fort Worth, following the Richardson v. Vaughan case, 86 Texas 93, reversed the judgment of the trial court because the petition did not allege that there was no necessity for administration upon the estate of the deceased. The facts in this case are almost identical, as far as this issue is concerned, with the Dowlin v. Boyd case. As in that case, the answer contains a general demurrer but it was not called to the trial court's attention, and in this case, as

in the Dowlin v. Boyd case, the petition did not allege that there was no necessity for administration upon the estate of the deceased. Neither did the petition in the present suit allege that no administration was pending. The Commission of Appeals in the Dowlin v. Boyd case, in reversing the judgment of the Court of Civil Appeals, said:

" 'While the answer of the defendants in error embraced a general demurrer, it (the demurrer) was not presented to the trial judge and no action was taken thereon. Such being the situation with reference to the general demurrer, the general rule is that appellate courts treat the matter as having been waived, unless the general demurrer presents a question of fundamental error, as, for instance that the error is of such nature as that it could not be cured by an amendment. Had there been a special exception levelled at the petition on account of the fact that no such allegation appeared therein, it is evident that the court would have sustained the exception but would have permitted the plaintiffs in error to have filed a trial amendment, alleging that no necessity existed for administration on the estate of David Jackson, deceased.' It appeared to us that our holding in this case sustaining the assignment challenging the overruling of appellants' general demurrer was in conflict with the Dowlin v. Boyd case, and by reason thereof we set aside our order overruling appellees' motion for rehearing and said motion is now pending in this court. By reason of our being in doubt as to the correctness of our holding, and by reason of the apparent conflicts, we deem it advisable to certify to the Supreme Court for its determination the following questions:

## "FIRST QUESTION.

"The general demurrer in this cause not having been called to the trial court's attention and there not having been any judgment of the trial court entered with reference thereto, did appellants thereby waive their right to urge as error the contention that their general demurrer to the amended petition should have been sustained because it did not allege that there was no administration on the estate of Mattie Dancy and no necessity therefor?

## "SECOND QUESTION.

"This being a suit by part of the heirs of Mattie Dancy against other heirs as well as against Ira Lawley, seeking to establish their interest in the estate of Mattie Dancy, deceased, and in addition

thereto seeking to recover from Ira Lawley their interest as heirs in the estate of Mattie Dancy which Ira Lawley had as her attorney collected, did the district court have jurisdiction to hear and determine all of the issues, in the absence of pleading and proof that there was no administration pending on Mattie Dancy's estate and no necessity therefor?

"The clerk of this court is directed to transmit this certificate, together with a copy of the respective briefs of appellants and appellees, their respective motions for rehearing, the statement of facts and the transcript filed in this court, and copies of the two opinions we have written herein, to the clerk of the Supreme Court for presentation to that court."

An examination of the record which accompanies the certificate shows that the Court of Civil Appeals is in error in saying that the general demurrer of the defendants was not called to the attention of the trial court. The first question therefore does not present a question of law arising in the case, and is therefore not answered.

The sole question therefore is whether or not in the absence of an allegation by the plaintiffs that there was no administration on the estate of Mattie Dancy and no necessity therefor, the District Court had jurisdiction to hear and determine the issues.

In a suit such as that presented in the certificate it is indispensable that the plaintiff's petition should contain an allegation that there is no administration and no necessity for one. No precise form of words is of course required, but the facts thus indicated must be alleged. The record shows that a general demurrer was presented and overruled. So that, the real question presented is whether or not the petition contains the necessary allegations when tested by the liberal rule obtaining upon a general demurrer. That liberal rule is that every reasonable intendment will be indulged in favor of the sufficiency of the pleading excepted to.

The only allegation contained in the plaintiffs' petition which could in anywise be urged as supplying the essential fact allegations is:

"Plaintiffs would further show unto the court that they are entitled to one-third of the $7,500.00 paid into court in cause No. 4259A; one-third of a thousand dollars paid into district court in the two causes hereinbefore referred to; one-third of the amount received under decree in cause No. 4038-A from A. M. Peyton and E. C. Harlen and those holding under them; and 900-10240ths of all the oil produced from said land since April 19, 1924, and here-

after to be produced from said land as well as a one-sixth interest in the hereinbefore described land."

If a liberal rule of interpretation would find in these allegations the essential facts that there was no administration upon the estate of Mattie Dancy and no necessity for one, then the action of the trial court was correct in overruling the demurrer; otherwise it was error.

The allegations quoted are at best but a legal conclusion of the pleader from the facts of ownership, heirship and equitable grounds for cancellation set up by them but they do not include the indispensable fact allegations with reference to administration.

That a mere legal conclusion of the pleader will not stand as against a general demurrer is well settled by the decisions of our Supreme Court. Avery v. Potter, 92 Texas, 337, 49 S. W., 219; Laas v. Seidel, 95 Texas, 442, 67 S. W., 1015.

A court is not at liberty to read into a pleading which merely states a conclusion of law, the facts necessary to raise the issue to support such conclusion. The rule is well stated in State v. Mayer, etc. (N. J. L.) 111 Atl., 544, 19 A. L. R., 646, where it was said:

"It is suggested that the allegation that 'the defendant became entitled to divert daily 50,000,000 gallons from the Rocky Way river under contract with the East Jersey Water Company,' etc., carries with it by implication the statement that the right to abstract this water had theretofore been granted to the East Jersey Water Company by the State. But this suggestion is in the face of settled rules of pleading. The assertion that the defendant became entitled to divert is a conclusion of law depending for its soundness upon an undisclosed fact; and unless the court has that fact before it, the soundness of the pleader's conclusion can not be judicially determined. It is further suggested that after the parties have argued the fundamental question which they desire to have decided this court ought to read into the answer the facts necessary to support the conclusion of law stated therein, so that the real matter intended to be put in issue can be finally determined. But this we are not at liberty to do."

A case strikingly like this is found in Provident, etc., Co. v. Johnson, 235 S. W., 650, wherein the Court of Civil Appeals for the Fourth District considered the following allegation:

"That said deceased died intestate, and left surviving him as his only and exclusive heir at law plaintiff herein, a minor, now 17 years of age, who is entitled to receive the full amount of said policy," as against a general demurrer, and held:

"Appellee contends that his allegations that his father died intestate, leaving appellee 'as his only and exclusive heir at law,' and that appellee 'is entitled to receive the full amount due' on the insurance policy sued on, amount in effect to allegations of no administration or necessity therefor. We have been unable to agree with appellee in this position, however. The fact that appellee's father died intestate, and that appellee was the only surviving heir, will not support an inference of any other fact than those specifically stated. From these facts no inference could arise that there was no administration, or necessity therefor; the reverse could just as reasonably have been inferred therefrom. * * * The remaining allegation, upon which appellee relies to supply the omitted allegations, is that appellee 'is entitled to receive the full amount due on said policy.' We are unable to escape the conviction that this statement in the pleading cannot be construed to serve this purpose. At best, it is but the statement of a purely legal conclusion, without showing any facts upon which the conclusion is based, and in our opinion cannot be construed to create the inference that there was no administration upon the estate of appellee's father, nor any necessity therefor."

In the Laas v. Seidel case, supra, the Supreme Court through Mr. Justice Brown, speaking of a similar allegation, said:

"The estate might be solvent, and yet there would be a necessity for administration to pay the debts, and to settle the affairs of the estate, to get it in proper shape for distribution among the heirs. The law does not provide that administration shall be had upon insolvent estates, only, nor that heirs may sue for the property if the estate be solvent.

The allegation in that case was that the estate was solvent.

So here it would not in anywise follow that because the plaintiffs were entitled to a partition of the estate of Mattie Dancy that there was no administration pending or needed. As well might one contend that an allegation by plaintiff of a right to recover a sum from the defendant would include the fact of contract to support such a recovery. The conclusion would be supported by the existence of a tort action, but neither set of facts would be read into the petition which goes no further than to plead a pure legal conclusion.

So that, we recommend that the second question be answered in the negative.

Opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.