## FOWLER et al. v. RODEN et al.
### No. 4568.

Court of Civil Appeals of Texas. Texarkana.
Nov. 5, 1934.

Rehearing Denied Nov. 15, 1934.

D. B. Chapin, of Longview, and Gentry & Gray, of Tyler, for appellants.

Lasseter, Simpson & Spruiell and Troy Smith, all of Tyler, Campbell, Leak, Taylor & Storey, of Longview, L. G. Hurley, of Gladewater, and Wm. Hodges, of Texarkana, for appellees.

JOHNSON, Chief Justice (after stating the case as above).

There is presented the major question of whether the directed verdict was proper because the judgment in cause No. 7832 was void in the particulars that: (1) There was no allegation in the petition in cause No. 7832 that there was no administration pending on the estate of Ab Fowler, and no necessity for an administration; (2) the citation issued and served in cause No. 7832 was not sufficient in form to apprise the defendants of the nature of the plaintiff's cause of action; (3) the two persons, Will Jones and J. I. Morgan, who then owned and claimed an interest in the land involved in such proceeding were not joined as parties in cause No. 7832.

■ The first point depends upon whether the petition must be considered demurrable for the absence of the allegation mentioned. Article 1982 of the statutes expressly provides: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant."

In the principle that title to realty of the decedent vests in his heirs or devisees, subject to the necessities of administration, an executor or administrator is by provisions of statute given a certain control over the land of the decedent generally for the purpose of preserving same from waste during the course of administration, of effecting a division and distribution among those entitled, or of subjecting it to the payment of the decedent's debts in case the personal assets prove insufficient for the purpose. This statutory right conferred upon executors and administrators to take possession of their decedent's real estate for purposes of administration operates, when exercised, to constitute an intervening estate in possession as against the heirs, and gives all the rights and powers ordinarily incident to the right of possession, and to bring and defend any action relating thereto. Hence, in the purpose of protection of this estate in possession so given for purposes of administration, the statutory provisions above quoted requires the executor or administrator, if any, to be made a party defendant in an action involving title to real estate of a decedent. Therefore, as is well settled by the decisions of the court, in an action involving the right or interest to real estate of a decedent's estate where the executor or administrator is not made a party defendant, an allegation in the petition is essential, as against being demurrable, that there was no administration pending on such estate, and no administration was necessary. Bluitt v. Pearson (Tex. Civ. App.) 8 S.W.(2d) 310; Id. 117 Tex. 467, 7 S.W.(2d) 524; Dowlin v. Boyd (Tex. Com. App.) 291 S. W. 1095; and other cases. Such allegations appearing, there is shown the certain circumstances or the contingency which entitles the particular plaintiff or the heir to sue for and recover an interest or have distributive share in the estate as such of the decedent. This rule so settled by the decisions, nor article 1982 referred to, may not, however, be considered as applicable to and governing actions involving real estate or that part of it which was not belonging to nor claimed by decedent or his estate and on which administration cannot be founded. For instance, when a plaintiff in an action is not seeking a distributive share of the decedent's estate as such, nor to partition the decedent's estate as such, or to establish an interest in the decedent's estate as such, but is seeking only to have his undivided interest in the land held by him in common with the decedent's estate segregated from that particular interest which belonged to the estate as such of the decedent. Cyphers v. Birdwell (Tex. Civ. App.) 32 S.W.(2d) 937; Citizens' National Bank v. Lyons (Tex. Civ. App.) 71 S.W.(2d) 296. In such character of case the estate as such and the administrator as representative would have no interest and title to be affected in the particular portion belonging to the plaintiff. The article of the statute referred to says and plainly means the "title to real estate" of "the estate" as such "of the decedent." The article does not mean to include a suit not one affecting the recovery or interest distinctively in the estate as such of the decedent. That kind of suit would be a suit of which the district court had exclusive jurisdiction to grant the relief sought, and there would be, therefore, no necessity for alleging that no administration was pending in the probate court and no necessity for any administration upon the estate. The difference in the two characters of actions differentiates the legal principles applicable to them. It is concluded that the rule sought to be applied may not be invoked in the instant case. The petition attacked was in two counts, one an action in trespass to try title, and in the alternative, to confirm an alleged parol partition, and the prayer was for judgment vesting title in the plaintiff Roden. The tract of land involved became by inheritance the separate property of Le Roy Roden and Ab Fowler, and was not wholly the land of Ab Fowler. In the lifetime of Ab Fowler, a pa-

rol agreement, as alleged, was entered into by these two persons as joint owners whereby they made a partition of that land. After the death of Ab Fowler the suit was filed against the widow and children of Ab Fowler to confirm and establish that partition.

█ █ The second point presented may not, it is believed, be sustained, that the citation issued and served in cause No. 7832 was not sufficient in substance to apprise the defendants of the nature of the plaintiff's cause of action. The process was not void. The citation states: "The nature of the plaintiff's demand is as follows, to-wit: Trespass to try title and/or in the alternative, for order of the court confirming partition agreement and vesting title in plaintiff and out of defendants in and to 31 acres of land, more or less, being part of the Martha Dillard Survey lying and being situated in Gregg County, Texas, and fully described in plaintiff's petition, a copy of which is attached hereto." It is required by statute, article 2022, that the citation "shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand." As stated in Hinzie v. Kempner, 82 Tex. 617, 18 S. W. 659, 660: "The law does not require the citation to state the cause of action with anything like the same particularity as the petition. It may give a correct description of the demand 'in general terms,' without going into details." Longeway v. Hale, 73 Tex. 495, 11 S. W. 537. In Ford v. Baker (Tex. Civ. App.) 33 S. W. 1036, describing generally the nature of the plaintiff's demand as "suit, trespass to try title and remove cloud from title, cancel deed, and for damages," and without mentioning the land sought to be recovered, was held too general. The citation in the instant suit is not so general in that it does refer to the land.

█ █ The third point presented would generally be available were the suit mentioned one in object and nature of compulsory partition or partition by judicial proceedings of the land. Ward v. Hinkle, 117 Tex. 566, 8 S.W.(2d) 641. But the object and nature of such suit, as disclosed on the face of the partition, was to have enforcement in equity of a completed voluntary parol partition of the land by the coheirs, Le Roy Roden and Ab Fowler, which has descended to them by inheritance. It was specially alleged, as showing completed agreement of actual partition and allotment of specific portions of land: "That on or about the date last above stated, this Plaintiff and the said Ab Fowler made and entered into a parole agreement to

partition the said land; that the said Ab Fowler was to receive and have as his full part of said land, the two adjoining tracts aggregating 17 acres of land, being a part of the 39.31 acre tract owned by plaintiff and the said Ab Fowler as above described; that this Plaintiff, according to said parole agreement and partition, was to have and receive as his full part of said land, the remainder of said 39.31 acre tract; that pursuant to said parole agreement and partition deeds were prepared to be executed by this Plaintiff and the said Ab Fowler, one to the other, conveying to the respective parties that portion of said 39.31 acre tract was partitioned by parole agreement and set apart to the respective parties; that immediately after preparation of such deeds this Plaintiff did actually execute and deliver to the said Ab Fowler his warranty deed conveying to the said Fowler the 17 acres of land as set apart as his full part of said 39.31 acres of land, which deed was accepted by the said Ab Fowler and filed for record and is recorded in Vol. 57, page 270 of the Deed Records of Gregg County, Texas. That soon thereafter, and before executing the deed to this Plaintiff, the said Ab Fowler died intestate and left as his sole surviving heirs, the Defendants herein." The relief asked was to have the voluntary partition enforced, and "that plaintiff have judgment vesting title in him to that portion of said land as set apart and partitioned by the parole agreement to him as above set out." The partition of the land by act of the coheirs operated to sever the unity of possession held in the whole tract and to exclude from the parcel set apart to each heir the interest of the coheir therein. It is not questioned here, and may not be, that a parol partition, as alleged, may be made full and complete either by a subsequent act of the coheir or judicial proceeding for that purpose. The parties mentioned were not necessary parties. The purchaser mentioned from the coheir, Le Roy Roden, holds his portion free from the claim or interest of the other coheir, Ab Fowler, and his heirs. Such purchaser cannot be deprived of the benefit of his purchase by the partition and could not hold more than he had previously acquired by his purchase from Le Roy Roden. And the partition, as a matter of law, was subject to the life interest of Will Jones, if any he had therein.

The further points are presented that (1) there was evidence sufficient to submit to the jury the issue of fraud, deceit, and collusion practiced in obtaining the judgment in cause No. 7832, and (2) in sustaining objec-

tion to the introduction of certain evidence. Upon full consideration of the record it is concluded that the trial court did not commit error in the respects mentioned.

After a motion was granted to direct a verdict, and the jury verdict was received, the defendants entered a dismissal of their cross-action seeking affirmative relief against the plaintiff, and the interveners entered a dismissal or discontinuance of their action of intervention. The appellants complain of the dismissal. The verdict of the jury, in keeping with the peremptory instruction, reads: "We, the Jury, find for the defendants and intervenors herein." The statute requires the judgment to conform to "the verdict." Article 2211 (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann. Civ. St. art. 2211]). The verdict does not necessarily by its terms include a finding upon the cross-action of the defendants, and error in allowing a dismissal may not be predicated. It was too late for the interveners to enter a dismissal of their action after a peremptory instruction had been given and after the verdict had been actually received into court. The judgment should be reformed in conformity with the verdict as to interveners and the costs of appeal taxed against interveners.

The judgment is affirmed as reformed.