## MOORE et al. v. BLACKWELL et al.

No. 3204.

Court of Civil Appeals of Texas. El Paso.
July 3, 1935.

Rehearing Denied Sept. 12, 1935.

James Young, of Henderson, I. M. Williams, of Dallas, and McEntire, James & Shank, of Tyler (Clower & Sewell, of Tyler, of counsel), for appellants.

Austin F. Anderson, of Fort Worth, Frank C. Bolton, of Henderson, and Wheeler & Kenyon, of Gainesville, Ga., for appellees.

WALTHALL, Justice.

This suit was brought by W. P. Moore, H. L. Hunt, trustee, and N. G. Landrum, as plaintiffs, in the district court of Rusk county, Tex., on May 28, 1931, against the heirs and unknown heirs of Jediah Blackwell, deceased. Service was had on all defendants by publication. On January 21, 1932, plaintiffs filed their third amended petition, upon which they went to trial. In their third amended petition, plaintiffs alleged that they were the owners in fee of 82.68 acres of land, fully described in the amended petition; alleged the usual counts in trespass to try title, and therein pleaded the two, three, four, five, ten, and twenty-five-year statutes of limitation.

Plaintiffs prayed for title and possession of the land sued for, and, in the alternative, that if any of the defendants are found to have an interest in the land, in that event Hunt and Landrum have contribution to reimburse them for large sums of money expended in the development of the land for oil production.

On January 22, 1932, Zelma Jones, Jr., Nina B. Jones, Addie Pat Jones, and Frank Jones, joined by others therein named, appeared in said cause, through their attorneys of record, claiming to be heirs of Jediah Blackwell; their answers consisted of demurrers, general and special, plea of not guilty, and for an accounting for all oil produced by plaintiffs from said land. Various and sundry other persons whose names we need not state here, by their attorneys, filed answers prior to the trial, and the court appointed Hon. T. A. Bath as attorney to represent the heirs of Jediah Blackwell, served by publication; said attorney filed answer consisting of general demurrer, general denial, and plea of not guilty. On January 23, 1932, the case was tried before the court and judgment was rendered for plaintiffs against all defendants then answering, including the Jones defendants (referred to as the Edge heirs).

The litigation involves title to the undivided interests in lots Nos. 5 and 6 of a part of the Jediah Blackwell estate, conveyed by partition proceedings to the heirs of Jesse Blackwell and the heirs of John Blackwell, shown by partition decree. On April 14, 1933, Meaders and others filed their original petition in the nature of a motion for a new trial and to vacate and set aside the former judgment of January 23, 1932, in which they set up that they and plaintiffs were tenants in common; that they and plaintiffs deraigned title from a common source; that they owned a 4/15 undivided interest of the whole of said land and prayed that title to this extent be decreed in them and for an accounting. Plaintiffs individually demurred to this original petition and motion to vacate the judgment and filed answer of general denial. On September 5, 1933, Henry Meaders and others filed their first amended original petition, seeking to set aside said judgment (of January 23, 1932) in which they were not represented by attorneys of their choice, and that they were heirs of Jediah Blackwell through Jesse and John Blackwell, both deceased. To this petition all plaintiffs filed answers in which they demurred generally and set up separate defenses. The record discloses no ruling on the general demurrers to this petition and no exception to a failure to rule thereon. In that petition the assertion of title made was in substance the same as that in which they went to trial. When the case went to trial, Meaders et al. were by stipulation designated cross-plaintiffs, and plaintiffs designated cross-defendants. In the progress of the trial, at the conclusion of the evidence for cross-plaintiffs cross-defendants offered in evidence the expense incurred in developing the property for oil and gas purposes, to which cross-plaintiffs objected on the ground that cross-defendants had no pleadings for recovery of improvements or their value.

On September 25, 1933, the trial court entered an order vacating the judgment of January 23, 1932, and granted a new trial.

On March 26, 1934, the Jesse and John Blackwell heirs filed their first amended

original. answer and cross-action. On March 28th, the Edge heirs (the Jones heirs) and others filed their answer and cross-action. These cross-actions allege title in the defendants, and sue for accounting and partition. By supplement plaintiffs filed general demurrer, general denial, and not guilty as to all cross-actions, and ten-year statute of. limitation. Plaintiffs then dismissed their suit against the Edge heirs and the Jesse and John Blackwell heirs, and the case went to trial before a jury with the original defendants as cross-plaintiffs. The court submitted the case on three special issues, in substance, as follows:

First. W. P. Moore's claim of title under the ten-year statute of limitation or longer. To which the jury answered, "No."

Second. Whether plaintiffs in the cross-action knew that W. P. Moore was claiming the land adversely to them. The jury answered, "Yes."

Third. Whether W. P. Moore asserted adverse possession to the land against plaintiffs of such "unequivocal notoriety that the plaintiffs in cross-action would be presumed to have notice of such adverse claim and possession." To which the jury answered, "Yes."

The court received the jury verdict and thereupon entered judgment. The judgment recites that upon consideration of the pleadings, evidence, verdict of the jury, stipulations made during the progress of the case, admissions contained in the record, and the motions for judgment that the cross-plaintiffs, mentioning them, are the owners and entitled to recover of cross-defendants the interest stated. The court found that cross-defendants had taken from the land up to and including April 30, 1934, oil and gas and other minerals to the value of $246,416.30; that in producing this sum the cross-defendants had incurred expenses including taxes up to said above date $150,193.91, leaving a net balance of $96,222.39 above expenses; and that said expenses had been incurred after litigation was begun. Judgment was entered in favor of the Jesse Blackwell heirs for a 3/15 interest in the land and $19,244.49; in favor of the John Blackwell heirs for a 1/15 interest in the land and $6,414.83; in favor of Edge heirs (the Jones) for a 5/1400 interest in the land and $307.90.

Defendants in the cross-action (appellants here) prosecute this appeal.

### Opinion.

■ Appellants filed assignments of error and, thereunder, present nineteen propositions. Under their first proposition appellants submit that appellees having alleged that they deraign title to the land in controversy through a partition decree of the estate of Jediah Blackwell wherein the land was awarded to the heirs of John and Jesse Blackwell, not having alleged who the heirs were at the time of the partition decree, the petition did not state a cause of action and was subject to general demurrer.

Appellees allege that they and the appellants and other adverse parties, and especially W. P. Moore, "are the owners in common in fee simple of said land and the minerals therein and are entitled to a partition thereof in kind; that these defendants (cross-plaintiffs) are the owners of an undivided 4/15 of the whole, the heirs of Jesse Blackwell, deceased, owning an undivided 3/15 interest and the heirs of John Blackwell, deceased, owning an undivided 1/15 interest," and that W. P. Moore and other. parties own the remaining 11/15 interest. The partition decree does not name the heirs, but decrees the title to the "unknown heirs" of the deceased.

The petition does name the heirs of each of Jesse and John Blackwell in the present suit. The question presented is: Does the failure of the petition to name the heirs of Jesse and John Blackwell at the entry of the partition decree render the petition subject to general demurrer? There is no attack here made upon the sufficiency of the partition decree. Nor does the record show objection made to the partition deed as evidence. Had the partition petition been objected to in the partition suit, it might then have been cured if thought to be insufficient in not naming the heirs. Trammell v. Trammell et al., 20 Tex. 406, 407; Hawkins v. First Nat. Bank (Tex. Civ. App.) 175 S. W. 163.

We think the decree concludes the question of its sufficiency so far as this suit is concerned.

■ Under their second proposition, appellants insist that to show that the court had jurisdiction of the subject-matter of the suit under appellees' cross-action, on which the suit was tried and judgment en-

tered, it was essential to appellees' right to recover that appellees allege and prove that there was no administration pending upon the estates of appellees' ancestors, and that no administration was necessary, and especially was such true with respect to the estate of Mary Meaders who died in 1933, under whom six of appellees claim.

We think the general rule is correctly stated by appellants. Bluitt et al. v. Pearson (Tex. Civ. App.) 8 S.W.(2d) 310; Bluitt v. Pearson, 117 Tex. 467, 7 S.W. (2d) 524; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640. As a general rule, the holding has been that the heirs of an estate cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for an administration. In Walker v. Abercrombie, 61 Tex. 69, an exception to the rule was recognized. It is there said the rule is not an unbending one and has its foundation in the necessity for giving protection to creditors of a deceased person which, in most cases, makes it necessary to place the estate and its control in the hands of a legal representative while the representative is in lawful discharge of the trust. The property, however, vests in the heir from the instant of the death of the intestate, subject to the debts of the estate. By reason of the general rule as contended for by appellants, it is held that the district court ordinarily has no jurisdiction to determine in an original proceeding the interest the heir has in an estate in the absence from the pleading of the statement of the fact that there is no administration upon the estate pending and none necessary. But, as Judge Staton said in the Walker-Abercrombie Case, there are exceptions to the rule, and referred to many cases to which we refer without stating them here.

■ We have concluded that the rule invoked by appellant applies to the trial of this case on appellee's cross-action. Appellees in their cross-action allege that they own 4/15 of the land involved in the suit and that appellants own 11/15. Appellees in their petition allege title in themselves by inheritance through their ancestor, Jediah Blackwell, who died in 1874, and that they are the children and heirs of Jesse and John Blackwell, sons of Jediah Blackwell, both deceased, and who died intestate as to said estate. But the cross-action does not allege the time of the death of Jesse and John Blackwell so that the trial court and this court could know from the petition that the time had lapsed when an administration could have been had on the estate of either or both of the estates of Jesse and John Blackwell.

The evidence shows that Jesse Blackwell died about fifty years ago and that his widow died some fifteen years ago; the evidence shows that John Blackwell died before the Civil War, and left three sons. But the fact of no administration and no necessity therefor is a jurisdictional fact and must be pleaded as well as proven. Nor does the petition allege that the estates of Jesse and John Blackwell were solvent, or any fact that would make applicable any exception to the general rule that appellees must allege and prove no administration and no necessity for administration on the estate of Jesse and John Blackwell, or that none was necessary.

The trial court did not submit to the jury nor otherwise find under the evidence that no administration was pending in this state or elsewhere, so as to make applicable the liberal rule of interpretation announced in Bluitt v. Pearson et al., 117 Tex. 467, 7 S.W.(2d) 524. True the appellees alleged they were the owners by inheritance from their ancestors of the land, but such allegation does not relieve from the necessity of pleading the facts of no administration.

■ Appellees asked for a partition of the land as to their interest and the interest of appellants, and not as among themselves, and we think it was not necessary to show the individual interests among themselves as heirs.

The remaining propositions, as we view them, present questions as to the sufficiency of the evidence to establish the facts mentioned in the proposition sought to be proved, which may not arise on another trial, and we need not discuss them.

For the reason stated, the case is reversed and remanded.

HIGGINS, Justice (concurring).

The cross-plaintiffs, most of whom are nonresidents of Texas, sue to recover undivided interests in the land and the value of oil taken from the same. The cross-action discloses the cross-plaintiffs are claiming as the heirs of Jesse Blackwell, John Blackwell, and Elizabeth Edge, all deceased children of Jediah Blackwell, who died in 1874. The dates of death of the

parties under whom they claim, other than Jediah Blackwell, are not shown.

I concur in the view the cross-action is subject to general demurrer because it fails to allege no administrations were pending in this state upon the estates of Elizabeth Edge, Jesse and John Blackwell, and none necessary, or any other fact which would authorize suit by the cross-plaintiffs as heirs. Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524; Id. (Tex. Civ. App.) 8 S.W.(2d) 310.

This affects a mere matter of pleading which may be amended. There are other questions presented by the appeal relating to the merits, which should be disposed of. They are not ruled upon by the main opinion. Briefly stated, my opinion relating to such other questions is as follows:

The land in controversy is a part of the M. J. Prue survey, being blocks 5 and 6, set aside to the heirs of Rebecca Anderson, Jesse Blackwell, Elizabeth Edge, Eliza Thompson, and John Blackwell by decree of the district court, dated February 12, 1895, partitioning the estate of Jediah Blackwell, deceased. By this decree a 1/5 interest in the blocks was set aside to each of the five sets of heirs.

The cross-plaintiffs allege Jediah Blackwell was the common source of title.

■ Appellants present the point that appellees failed to show a common source. For the purpose of showing the same, appellees offered in evidence three deeds under which appellants claim from some of the various heirs to whom blocks 5 and 6 were set aside by the partition decree which deeds contain recitals that it conveys the interest acquired and owned by the grantors by virtue of the decree, but such deeds do not purport to convey the undivided interests for which the appellees sue and which they claim under the decree. They merely show that appellants have acquired interests of some of the other heirs, but they are insufficient to show common source of the particular undivided interests for which the appellees sue. Halley v. Fontaine (Tex. Civ. App.) 33 S. W. 260; Greenwood v. Fontaine (Tex. Civ. App.) 34 S. W. 826.

Appellants also assert appellees failed to show any title through John Blackwell who, the evidence shows, preceded his father, Jediah, in death. This is based upon the theory that the land was community property of Jediah Blackwell and wife, and under the law as it was at the time of Jediah Blackwell's death, the children of John Blackwell did not inherit any part of such community property from their grandfather, Jediah. Article 1653, R. S. 1879; Cartwright v. Moore, 66 Tex. 55, 1 S. W. 263; Burgess v. Hargrove, 64 Tex. 110.

■ The decree of partition, as against the other parties to the decree and those claiming under them, vested in the heirs of John Blackwell title to a 1/5 interest in blocks 5 and 6. Article 6100, R. S. For which reason there is no merit in the contention that the heirs of John Blackwell failed to show any title in them from Jediah Blackwell.

■ The issue of limitation pleaded by appellants was one of fact for the jury. The court did not err in submitting same.

The objection to the charge presented by the appellants' eleventh proposition is well taken. Gibbs v. Lester (Tex. Com. App.) 41 S.W.(2d) 28, 80 A. L. R. 431.

■ By the twelfth proposition the point is made that the appellees Jones failed to show with certainty the interest inherited by them. They show they are some of the heirs of their grandmother, Elizabeth Edge, but in the state of the evidence it cannot be ascertained the particular interest they inherited. This proposition should be sustained. Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1064.

A number of other propositions are presented by appellants, but in my opinion they are either without merit or relate to matters which should not recur upon the retrial.

The heirs of Jesse and John Blackwell cross-assign error to the action of the court in allowing appellants credit for the cost of drilling the oil wells upon the land.

The suit was originally filed by appellants May 28, 1931. Appellants had notice of the adverse claim of the Edge heirs when they answered on January 22, 1932, and of the adverse claim of the Jesse and John Blackwell heirs when they filed their motion to set aside the judgment on September 5, 1933. Ten wells have been drilled on the land. The first one was commenced June 26, 1931; the last one was commenced on September 20, 1933.

Moore and his lessees evidently developed the mineral resources in good faith believing they had full title.

The parties were tenants in common. The development of the land for oil has operated to enormously benefit the estate in which all of the parties are jointly interested. Since the parties were tenants in common and the drilling of the wells has greatly benefited the land, appellants should be allowed credit upon the damages recovered by appellees for appellees' pro rata part of the reasonable expenses incurred by appellants in drilling the wells. This is true though appellants had ousted appellees from possession and were asserting title adverse to them. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Duke v. Reed, 64 Tex. 705.

PELPHREY, Chief Justice, and WALTHALL, Justice.

We concur in the disposition of the questions made by Justice HIGGINS in this concurring opinion.

### On Rehearing.

HIGGINS, Justice.

Appellants and those appellees who are the heirs of John and Jesse Blackwell have filed motions for rehearing.

Appellants assert that in the state of the pleadings and evidence and our rulings the trial court should have given a peremptory instruction in their favor wherefore this court should reverse and render in their favor rather than remanding for retrial.

It is evident from the record that the case in behalf of appellees has not been fully developed. Justice will be better subserved by remanding the cause rather than rendering. Under such circumstances, the case should be remanded for retrial. See Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043, and other cases cited in 3 Tex. Jur. p. 1232, notes 5 and 6.

Appellants also complain of the latter portion of the concurring opinion of the writer where it was stated the parties are tenants in common. It was not intended to hold that appellees had shown themselves to be tenants in common with appellants as claimed. In a preceding portion of the opinion it had been held appellees failed to connect themselves with the common source as alleged by them.

What was meant is, that if appellees' contention is correct and they are entitled to recover the interest in the land sued for, this would make them tenants in common with appellants.

This disposes of appellants' motion and we pass to the motion of appellees.

This suit was originally filed by appellants on May 28, 1931. Appellees filed their cross-action to recover the land April 14, 1933.

Appellants' eleventh proposition reads: "The undisputed evidence showing that appellant W. P. Moore had had exclusive and adverse possession of the land in question from May, 1908, up to the time of the filing of the cross-action by appellees herein in April, 1933, it was error for the Court to fix the termination of the period of limitation as of May 28, 1931, instead of April 14, 1933."

Upon the authority of Gibbs v. Lester (Tex. Com. App.) 41 S.W.(2d) 28, 80 A. L. R. 431, this proposition was sustained without discussion. Appellees assert the ruling is contrary to the holdings in Taylor v. W. C. Belcher L. & M. Co. (Tex. Civ. App.) 265 S. W. 403, Wallace v. Neumann (Tex. Civ. App.) 74 S.W.(2d) 283, and Zachry v. Moody (Tex. Civ. App.) 59 S.W.(2d) 846.

We will not attempt to harmonize the rulings. We are of the opinion the ruling in Gibbs v. Lester is correct and supports the view that the limitation period was not interrupted until the cross-action was filed on April 14, 1933.

Appellees also complain of the ruling upon the right of appellants to contribution for the cost of drilling wells upon the land. It is true there were no pleadings by appellants which support the judgment in their favor in that connection, but the point was raised by appellees' cross-assignments. No doubt the issue will arise upon retrial under proper pleadings and it was therefore proper to rule upon the issue for the guidance of the court upon retrial.

There is no occasion to further discuss other questions presented in appellees' motion. Some of them are founded upon theories not in harmony with settled rules of pleading and practice in this state governing actions to recover land.

I am authorized to say Chief Justice PELPHREY and Associate Justice WALTHALL concur in this opinion.

Both motions for rehearing are overruled.