### WERTHEIMER v. WALKER et al.
#### No. 8515.

Court of Civil Appeals of Texas. Austin.

June 24, 1936.

Henry H. Brooks, of Austin, and Clark & Rice, of Dallas, for appellant.

Wm. McCraw, Atty. Gen., and Earl Street, Asst. Atty. Gen., for appellee J. H. Walker, Land Commissioner.

Claude Pollard, of Austin, and Rice M. Tilley, of Fort Worth, for appellee Centennial Oil Co.

BAUGH, Justice.

Appeal is from an order of the district court sustaining a general demurrer to appellant's first amended original petition, and upon appellant's refusal to amend, dismissing this suit.

The suit as disclosed by the amended petition was by appellant against Walker, as Commissioner of the General Land Office, and against the Centennial Oil Corporation and E. J. McCurdy to have appellant's bid for an oil and gas lease on a 90-acre tract of land in the tidal area in San Patricio county declared to be the highest bid made therefor, to cancel as void the bids of the Centennial Oil Corporation and of E. J. McCurdy for such lease on said lands, and to enjoin the commissioner from awarding such lease to either of the other defendants or to any one claiming under them.

In addition to alleging in general terms that his bid was the highest and best bid, appellant alleged that: "Your plaintiff made a bid for the oil and gas lease and other mineral rights on said tract of land, which bid was the highest and best bid, in quantity, quality, value and worth, received by said Land Commissioner. Your plaintiff would respectfully show that his bid was for the sum of $10.00 per acre in cash and 37½% of the gross production of oil or the value of same, that may be produced and saved from the properties described and 1/8th of the gross production of gas, as well as certain other royalty provisions governing other minerals not under consideration here."

Nowhere in said amended petition did he allege the exact terms of his bid nor embody therein nor attach thereto a copy of the bid filed by him with the Commissioner of the General Land Office.

In said pleading appellant attacked the bid of Centennial Oil Corporation as void on the grounds that:

"(1) That said bid was based upon a formula prepared by the bidder and explained by the bidder, and therefore, did not conform to the law, nor the proposal for bids issued by the Land Commissioner;

"(2) That in order to determine the value or worth of said alleged bid, it was required that the daily price of oil be estimated over the entire period of productivity and such estimate taken into consideration;

"(3) That in order to determine the value or worth of said bid it was required that the daily allowable fixed from time to time by the Railroad Commission of the State of Texas be estimated and taken into consideration over the entire period of the lease; and

"(4) That in order to determine the value or worth of said bid it was necessary to estimate the aggregate gross production which might be obtained from the properties described."

He further alleged that said purported bid was "merely a proposal by the Centennial Oil Corporation to the State of Texas to go into a partnership with the State of Texas, the proceeds of such partnership to be divided in accordance with the formula selected and proposed by the said Centennial Oil Corporation," but did not set out what said formula was nor make a copy of same a part of his pleadings.

He attacked the bid of McCurdy on the ground that same "wholly failed to conform to the law" and that the value and worth of same was conditioned upon (1) "The amount of production of oil from said lease; and (2) Upon the quantity of oil the said property is estimated to be capable of producing." Nowhere, however, did he al-

lege the terms of McCurdy's bid nor set out a copy of same.

Appellant further alleged that after said bids were opened the commissioner had a hearing without notice to him on the bids of the Centennial Oil Corporation and of McCurdy, for the purpose of construing their said bids which he was not authorized by law to do, and used extraneous data and information, the character of which is not alleged, to arrive at the value of such bids. He alleged, further, that he was advised, and upon such information and belief alleged, that no other bids were made, but that if such bids were made same were of less value than that of appellant; that his bid being the highest and best bid, it was the duty of the commissioner to award him a lease on said lands. The prayer for relief was, in addition to a temporary injunction against the commissioner restraining· him from awarding such lease to the other appellees herein, pending a hearing, that their bids be canceled and held void; and that his bid be adjudged to be the highest and best bid for such lease.

While appellant did not affirmatively ask that the Land Commissioner be compelled to award him the lease on said land, if the trial court had granted to him, after hearing, the full relief he prayed for, such would, under the express provisions of the law, necessarily have been the result.

■■ The grounds upon which the trial court sustained the general demurrer to said pleadings are not stated. Appellant insists that the general rule that as against a general demurrer every intendment ·in support of the sufficiency of the petition should be indulged is applicable, and that when so indulged his pleadings sufficiently stated a cause of action. This general rule, however, does not apply to petitions for injunction. On the contrary, the remedy being a harsh one, the rule is uniform that such applications should be strictly construed, and the averments must "negative every inference of the existence of facts' under which petitioner would not be entitled to relief." Johnson v. Ferguson (Tex.Civ.App.) 55 S.W.(2d) 153, 159; Mayer v. Kostes (Tex.Civ.App.) 71 S.W. (2d) 398, 400, writ ref.; 24 Tex.Jur. 222. Particularly is this rule applicable where public officers in the discharge of their official duties are sought to be restrained. 24 Tex.Jur. 59. Mere allegations amounting only to legal conclusions, in the absence of specific facts on which such conclusions are based, are not sufficient.

■ We think said pleadings failed not only to allege sufficient facts to show that appellant's own bid was valid as being in full compliance with the law, but also failed to allege sufficient facts upon which it might be determined whether or ,not the appellees' bids were in compliance with the law. His allegations as to the latter in particular were but legal conclusions. As such they were subject to a general demurrer. Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524. As to whether there were other bidders than those who are parties to this suit, the allegations were on information and belief. As to this, such allegations have uniformly been held to be insufficient. Johnson v. Ferguson, supra, and cases there cited.

Section 10, Acts 1931, Reg. Sess., 42d Leg., c. 271, p. 455 (Vernon's Ann.Civ.St. art. 5421c, § 10), prescribes the minimum requirements for such bids. Without setting out the provisions of said act here, a comparison of such requirements with the allegations of appellant's amended petition discloses a failure to allege facts constituting a compliance by him with all of the provisions of said law. Unless he did comply with such provisions in his bid, he was not entitled to have such bid considered. Marshall v. Robison, 109 Tex. 15, 191 S.W. 1136. It was incumbent upon him to show a full compliance with the requirements of said law, and the most practical manner of showing whether or not he had done so would have been to make the bid made by him a part of his pleadings. This he did not do. The same would be true as to the bids of appellees which he attacks as illegal and void. Had this been done, then the court could, from said bids, have determined whether same were in compliance with the law, and likewise whether the Land Commissioner could properly determine which constituted the highest and best bid.

■ In State v. Robison, 119 Tex. 302, 30 S.W.(2d) 292, 297, in answer to certified questions from this court, and a case cited and largely relied upon by appellant, the Supreme Court held that the act of the Legislature constituted the offer to lease such lands; that the making and filing of the highest bid· by a bidder constituted an acceptance of such offer; that the duty imposed by law on the commissioner was merely to ascertain who was the highest

bidder, and to award to him such lease; and that "his duties are fixed by law, are mandatory and ministerial." That being true, no discretion was left to the commissioner in the premises. His duty was merely to ascertain a fact as to who was the highest and best bidder, and to make the award accordingly. Whether or not the bidder has complied with the law in making his bid can best be ascertained from the examination of the bid itself. As stated above, appellant did not set out in his pleadings the respective bids involved. Had he done so the court could from such bids determine whether such bids complied with the law, and whether the commissioner had properly performed his ministerial duties. The bids themselves, if properly filed, and as to this no question is raised, would present all the facts necessary upon which to determine the contentions here made. And the award being a ministerial act of the commissioner, would be compellable by mandamus proceedings in the proper tribunal. Under article 1735, R.S.1925, as against the executive department of the government, such proceeding would lie in the Supreme Court only. And in Marshall v. Robison, supra, another case relied upon by appellant, a case in which the real controversy, as here, was as to who was the highest bidder, and in which the commissioner had awarded the land to a Mrs. Hall, one of the bidders, the court granted a mandamus to Marshall, who claimed to be the highest bidder requiring the commissioner to cancel his award already made to Mrs. Hall and to award the land to the relator. In that case the Supreme Court passed upon the legality of the bids made, same having been presented to it, and determined who was the highest bidder. We see no material difference between that case and the one here presented. Consequently the appellant clearly had his remedy by application for mandamus to the Supreme Court, and the trial court was justified by sustaining a general demurrer, in dismissing appellant's suit for want of jurisdiction.

Even if it be conceded that the district court had jurisdiction to enjoin the threatened act of the commissioner on the ground that same was illegal, we think the appellant's pleadings in the respect above pointed out, when strictly construed against him, were insufficient to warrant the granting of the injunction prayed for; and that the trial court did not err in sustaining the general demurrer thereto. And we are also of the opinion that the issues here raised and the controversy presented were such that appellant's proper remedy was by mandamus in the Supreme Court, as in the case of Marshall v. Robison, supra, and this regardless of whether the Land Commissioner has already made the award to one of the appellees or not. In either event, the judgment of the trial court should be, and is consequently, affirmed.

Affirmed.