## GRUPA et al. v. GRUPA.

### No. 4660.

Court of Civil Appeals of Texas. Amarillo.

Nov. 2, 1936.

218

■■■■

M. E. Gates, of Huntsville, and James B. & Chas. J. Stubbs, of Galveston, for appellants.

Rob't. W. Dean, of Navasota, for appellee.

MARTIN, Justice.

On December 27, 1928, A. Grupa and Constantia Grupa, husband and wife, executed and delivered to their two sons, Joe and Stash Grupa, a deed conveying to each a tract of land. Joe Grupa died in 1934. Stash Grupa reconveyed his tract to his parents. A. Grupa brought suit to cancel said deed to Joe Grupa, making Harriett Grupa, his surviving wife, and Peter Grupa, his surviving child, parties thereto. Fraud was alleged in the procurement of said deed, as well also that a part of the consideration for same was the support of A. Grupa and wife during their lifetime by the grantees above named. These, among other allegations, appear in appellee's petition:

"That the said Joe Grupa is dead, having died on or about January 5th, 1934; that the said defendant, Harriett Grupa, is his surviving widow, and the said Peter Grupa is the surviving child of the said Joe Grupa, deceased, and the defendant, Harriett Grupa. * * *

"* * * and that from the date of the execution of said deed, both Joe and Stash Grupa did support and maintain the said A. Grupa and Constantia Grupa. * * *

"That since the death of the said Joe Grupa, defendants have failed and refused to carry out the contract of the said Joe Grupa, which under the premises they were obligated and bound to so do, or any part of same to support and maintain the plaintiff herein."

Judgment was for appellee.

It sufficiently appears from the face of appellee's pleading that paper title and possession of said land passed to Joe Grupa and same was a part of his estate when this suit was filed. A general demurrer to said petition was overruled and exception taken.

This action is here presented as error because:

(1) Appellee failed to allege no administration was had upon the estate of Joe Grupa, deceased, and that none such was necessary.

(2) That since appellee's pleadings show part payment of the consideration for said land (their support from 1928 to 1934), and there being no tender of a return of said consideration or offer to do equity, the general demurrer should have been sustained.

■ The first question has apparently been foreclosed against appellee by our Supreme Court. We quote:

"The sole question therefore is whether or not, in the absence of an allegation by the plaintiffs that there was no administration on the estate of Mattie Dancy and no necessity therefor the district court had jurisdiction to hear and determine the issues.

"In a suit such as that presented in the certificate, it is indispensable that the plaintiffs' petition should contain an allegation that there is no administration and no necessity for one. No precise form of words is of course required, but the facts thus indicated must be alleged. The record shows that a general demurrer was presented and overruled." Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524, at page 525.

See, also, Laas v. Seidel, 95 Tex. 442, 67 S.W. 1015, and Moore v. Blackwell (Tex. Civ.App.) 85 S.W.(2d) 980.

■ If we have erroneously interpreted or applied the cases supra, we are clear that the second point should be sustained.

We quote from Texas Jurisprudence, which contains a full collation of authorities: "As a condition precedent to the granting of relief by way of cancellation, it must appear, as a general rule, that the situation of the parties is such that they may be placed in statu quo or restored to their former position; and, if relief is granted, the original status must be restored. The equitable rights of the defendant should be protected. The plaintiff is required to acknowledge such rights and provide for their security by doing or offering to do whatever is necessary to that end. He must return or offer to return to the defendant whatever he may have received, or its value within a reasonable time after the discovery of his rights; he cannot be permitted to repudiate the instrument, and, at the same time, retain the benefits received thereunder. Where the complainant has not restored or offered

to restore the consideration, he does not reacquire any equitable title or put himself in a position to ask a rescission." 7 Tex. Jur. p. 958, et seq.

It is suggested by appellee that the value of the use of said land more than offsets the value of support and maintenance. We cannot judicially know this, and if such be true, there should have been an allegation setting up this fact as an excuse for failure to make the necessary and appropriate allegations.

Other contentions are believed to be either without merit or such as will likely not again occur.

Reversed and remanded.