## CITIZENS' NAT. BANK OF CAMERON v. LYONS et al.

### No. 9957.

Court of Civil Appeals of Texas. Galveston.
March 29, 1934.

W. A. Morrison, of Cameron, Thos. V. Adams, of Buckholts, and E. A. Wallace, of Cameron, for appellant.

GRAVES, Justice.

Appellant sued the appellees in trespass to try title for an undivided one-fourth interest

in 1,200 acres of land in the John Teal League in Burleson county, further seeking a partition thereof with them, as well as judgment for the rents therefrom as against the appellees Caldwell National Bank and C. C. Nelms, who are alleged to have appropriated the same to themselves to its exclusion; after all procedural matters—inclusive of divers dilatory pleas, demurrers, and exceptions—had been disposed of and a trial on the merits—under evidence presented by both sides—had been had before a jury, the trial court upon its own motion in material substance decreed as follows:

"After all of the parties had introduced all of their testimony and announced in open Court that they were through with the testimony and rested their cases, the Court then and there stated that he was of the opinion that it was necessary that an Administrator be appointed of the estate of W. E. Lane, deceased, before Plaintiff could prosecute its suit, and that this suit could not be proceeded with without such Administrator, and that the same would be dismissed.

"It was therefore, ordered, adjudged, and decreed by the Court that the jury in this case be dismissed and it was dismissed, and the Court refused to proceed further with the case or permit it to be submitted to the jury, and held and decreed that the case could not be prosecuted without the presence of an administrator of the estate of W. E. Lane, deceased, and the Court then and there ordered and decreed and here now orders and decrees that this suit in all things be dismissed from the docket of this Court, and that all of the costs of the proceedings be charged against the Plaintiff, The Citizens National Bank of Cameron, Texas."

Under the facts otherwise undisputedly appearing from the record, this action was such obvious error as requires a reversal and a rendition in appellant's favor of so much of the cause as involved the title to the undivided one-fourth interest in the land it sued for, and a remand of the balance of it to the court below for another trial upon the additional issues raised by the pleadings and the evidence.

The undisputed proof showed that the appellant-bank held an uncontested title down under Mary Jane Lane, the mother of W. E. Lane, for the want of an administrator of whose estate the dismissal was ordered, to the undivided one-fourth interest in the land it sued for, wholly independent of any right, title, or interest therein that W. E. Lane or his heirs or estate might have otherwise had

in the land as a whole; wherefore, in no event was any administrator a necessary or even a proper party in the bank's suit to recover the same; especially so, since all parties having an interest in the land were before the court, inclusive of all the heirs of W. E. Lane.

In final sum, therefore, at the time the dismissal was ordered the cause stood—in so far as appellant was concerned—as one in which it had undisputedly and uncontrovertedly proven itself to be the owner of an undivided one-fourth interest in the 1,200 acres down under Mrs. Mary Jane Lane, in which none of the other parties to the suit, nor the estate of W. E. Lane, either had or had ever claimed any interest; hence a partition between it and the other joint owners of the whole tract, together with an adjustment of the rents as between them, was all that was left for arbitrament. R. S. 1925, art. 1982; Cyphers v. Birdwell (Tex. Civ. App.) 32 S.W. (2d) 937, pars. 6 to 10, pages 939, 940, writ of error refused (5th Ed.) S. W. Writ of Error Table p. 51; Gilliam v. Null, 58 Tex. 303.

The applicable principle is thus stated in the Cyphers Case, supra:

"But in this case the plaintiffs are not seeking to partition the estate of a decedent, or to establish any interest in that estate. On the contrary, the purpose of their suit is to have their undivided interest in the land held in common with the estate segregated from that interest which belonged to the estate. The plaintiffs are not interested in the estate, but merely joint owners with the estate. The judgment of partition in such a proceeding does not in any respect invade the province of the probate court where an administration is pending. Gilliam v. Null, 58 Tex. 303; Guest v. Guest (Tex. Civ. App.) 208 S. W. 547, 549. Administrations are granted for the benefit of creditors who hold claims against the estate of the decedent and for the purpose of securing payment out of the estate. Neither the heirs nor the creditors' of the Cyphers estate have any interest in that portion of the land which should be set apart to the appellees, as heirs of Emma G. Cyphers.

"One who owns land as a tenant in common with an estate of a deceased person cannot, upon that ground alone, apply for and secure the appointment of an administrator merely for the purpose of having his interest in the common property segregated from that owned by the state. It would be a manifest injustice to require such a person to wait four years in order to give those who can apply an opportunity to exercise their

rights. · If an administrator is appointed, the probate court does not thereby acquire jurisdiction over that interest in the jointly owned property which belongs to third parties.

"Article 1982, Revised Civil Statutes, provides: 'In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant.'

"If there had been an administrator of the Cyphers estate, he should have been joined as a party defendant. The failure to join him as such would have presented a case in which there was a defect of parties. Where there is no defect of the parties pleaded, and none is disclosed by the evidence, the court may assume that all the necessary parties are before it. That provision of the statute which requires that all those interested in the title shall be made parties in a partition suit was satisfied by the proof in this case."

Further discussion being deemed unnecessary, the trial court's judgment will be reversed, this court's decree will be entered in favor of appellant for an undivided one-fourth interest in the 1,200 acres, and the cause will be remanded to the court below for a trial upon the other issues referred to.

Reversed and rendered in part; reversed and remanded in part.