Lucile M. OWENS et al., Appellants,

v.

Montana McKEAN et al., Appellees.

No. 10452.

Court of Civil Appeals of Texas.

Austin.

Feb. 13, 1957.

Leon P. Howell, San Antonio, Fred L. Blundell, Lockhart, for appellants.

Slater & Slater, Luling, Schleyer & Bartram, New Braunfels, for appellees.

GRAY, Justice.

This appeal is from a judgment sustaining a plea in abatement alleging the absence of a necessary and indispensable party. A trial to the court on the plea was had, evidence was heard and the plea was sustained. Appellants declined to amend, the cause of action was dismissed and all costs were taxed against appellants who have perfected an appeal to this Court.

■ It is our opinion that the order of dismissal was final and appealable. 3–A Tex.Jur. p. 128, Sec. 94.

A rather detailed statement of appellants' pleadings is necessary.

On May 10, 1956, appellants, Lucile M. Owens, joined by her husband A. R. Owens, and Myrtle M. Smith, a feme sole, filed this suit against Montana McKean, a feme sole, individually and as executrix of the estate of E. B. McKean, deceased; M. H. Carter, individually and M. H. Carter and Company; John Byron McKean; Elise F. McKean, a feme sole; Dorothy Stein and husband George Stein, and Nan M. Taylor and husband John Taylor. They alleged that about the year 1927, A. J. McKean, Sr., A. J. McKean, Jr., E. B. McKean, Lucile M. Owens and Myrtle M. Smith entered into joint ventures to, and did, buy, sell, trade, own, lease and develop lands and oil properties in Texas and in other states. The joint ventures were consolidated into a partnership on or about January 1, 1931, which was operated under the name of A. J. and E. B. McKean. A. J. McKean, Jr. died December 22, 1942, and left Elise F. McKean, his wife, and his daughters Nan M. Taylor and Dorothy M. Stein as his only surviving heirs.

After the death of A. J. McKean, Jr. the surviving partners designated and appointed E. B. McKean as nominee for the partnership and placed the administration and the management thereof under his control and direction. E. B. McKean continued to manage and operate the partnership until his death on September 2, 1949. A. J. McKean, Sr. died testate on August 31, 1946, and by his will his interest in the partnership passed to his children A. J. McKean, Jr., Dorothy M. Stein and Nan M. Taylor. E. B. McKean died testate and by his will his interest in the partnership passed to his wife Montana McKean and his only surviving son John Byron McKean.

"No formal, written agreement was ever entered into by and between the

aforesaid partners and all properties and assets of and for the aforedescribed joint ventures and partnership were acquired and held in the name of E. B. McKean or in the names of such persons, firms or corporations as were designated by the said E. B. McKean. Following the death of the said A. J. McKean, Jr., the said E. B. McKean, on January 30, 1943, made and executed a sworn declaration as to the properties, both real and personal, and as to the assets, except funds on hand, that were then held in his name as nominee for said partnership, and as trustee for the then surviving partners and the said heirs of A. J. McKean, Jr., Deceased."

A copy of the declaration was attached to the petition as Exhibit A. It contains a long list of properties and recites:

"I, E. B. McKean, do hereby acknowledge that the following royalty, mineral interests and leases standing in my name belong to the partnership of A. J. and E. B. McKean, for whose benefit I hold same, to wit:"

It was alleged that after January, 1943, E. B. McKean, by the use of partnership funds or by other means, purchased properties in his own name in addition to those listed in Exhibit A. After the death of E. B. McKean appellants and the defendants:

" * * * entered into an agreement with Montana McKean, as Executrix of the Estate of E. B. McKean, wherein it was agreed that, among other things: the respective interests owned in the said A. J. and E. B. McKean properties and assets were: Lucile M. Owens and Myrtle M. Smith, 10/120ths, each; Nan M. Taylor and Dorothy M. Stein, 13/120ths, each; Elise F. McKean, 24/120ths; and the Estate of E. B. McKean, 50/120ths; which were in accord with the ownership of the respective interests of said parties at the time of the death of E. B. McKean and as are presently owned by Plaintiffs' the said

Defendant, Montana McKean, as trustee and nominee, was to hold said properties and assets in her name as Executrix of the Estate or E. B. McKean, Deceased, until such time as she could inventory same and satisfy the various oil companies of the sufficiency of the transfer by her as Executrix, and to thereupon convey and transfer said properties to the aforesaid parties or to their designee in proportion to the interests specified; and, permitted the said Montana McKean to, meanwhile, administer and manage their joint interests; all as is shown by said agreement, which is attached as Exhibit 'B' * * *."

Upon the execution of the agreement (Exhibit B) Montana McKean "in her capacity as trustee and nominee for the parties thereto" took possession of the property and assets of A. J. and E. B. McKean together with the books, records, files and accounts thereof and placed such records, etc. in the possession of M. H. Carter and M. H. Carter and Company. That Montana McKean and M. H. Carter made reports purporting to show the status of the account of A. J. and E. B. McKean which reports were incomplete and omitted many properties and assets. Montana McKean has transferred to appellants some of the properties but has failed to account for all properties, funds and assets and to transfer to appellants all properties and assets to which they are entitled but still retains in her possession and in her name funds, properties and assets belonging to appellants and defendants, a list of which has been furnished her.

Appellants have employed certified public accountants to audit the aforesaid records, etc. but M. H. Carter has refused to make such records, etc. available to said accountants however they have discovered that numerous properties in which appellants own an interest are held in the name of Montana McKean and others and that no accounting has been made as to other prop-

erties. "A copy of such findings were furnished to the defendant, Montana McKean, by plaintiffs, with the request that she clear up all titles to the properties and account to them for all properties, assets and funds of said A. J. and E. B. McKean, and that she partition and convey to plaintiffs their proportionate interest in same and in connection therewith."

Despite repeated demands therefor Montana McKean has failed to make said accounting and transfers. That she

"has intermingled the properties, funds, and assets belonging to Plaintiffs, as aforesaid, with her own properties and funds, thereby rendering it difficult to make an examination into the ownership of all the properties and funds held in the name of Montana McKean, both individually and as executrix of the Estate of E. B. McKean, Deceased, on and after the date of the death of the said E. B. McKean, and into the ownership of the properties, funds and assets of the A. J. and E. B. McKean, as well as of the books, records and files relating to the aforementioned properties, so as to identify, segregate and partition said properties and assets in accordance with the true ownership thereof and in proportion to the interests owned therein; * * *."

The court is requested to appoint an auditor to state the accounts as provided by Rule 172, Texas Rules of Civil Procedure.

Appellants fear and allege that the books, records, etc. of A. J. and E. B. McKean, those of Montana McKean, individually and those of the estate of E. B. McKean, deceased, will be altered, destroyed or placed beyond the jurisdiction of the court.

Appellants prayed for: a temporary restraining order; a temporary and a permanent injunction restraining Montana McKean and M. H. Carter from altering, destroying or placing beyond the jurisdiction of the court the above mentioned books, records, etc.; the appointment of an auditor; an accounting; partition of the properties and for a writ of partition. They prayed that Elise F. McKean, John Byron McKean, Nan M. Taylor and Dorothy M. Stein be required to establish such rights and interests as they may have in and to the properties of A. J. and E. B. McKean, and that partition and division of said properties be made.

A temporary restraining order as prayed for was granted. Notice to appear May 19, 1956 and show cause why a temporary injunction should not issue was duly issued and served. On May 19, 1956, M. H. Carter and Montana McKean appeared and filed "an interim answer for the limited purpose of such hearing only, and without making a general appearance in said cause," moved for postponement.

It was agreed that the temporary restraining order be continued in force and that the hearing for temporary injunction and for the appointment of an auditor be postponed and set for June 25, 1956. No other answers were filed at that time.

On June 7, 1956, appellants filed their verified first amended original petition wherein they dropped Montana McKean in her capacity as independent executrix of the estate of E. B. McKean, deceased, and alleged:

"* * * E. B. McKean died testate on about September 2, 1949, and his will was duly probated and Montana McKean was appointed Independent Executrix of his said estate and, by the terms of his will, his interest in said partnership passed to his wife, Montana McKean, and to his only surviving son, John Byron McKean, his sole and only legatees, and all legacies and obligations of said estate were satisfied prior to the institution of this suit."

All parties agree that the first amended original petition contained substantially the same allegations as were contained in the original petition.

By the amended petition appellants sought to preserve the books, records, accounts, etc., of the estate of E. B. McKean, deceased. They continued to allege intermingling of funds as the basis for the appointment of an auditor and they sought to enlarge their interests in the properties to 25/100ths by reforming the agreement which was attached to the original petition as Exhibit B.

On June 25, 1956, Montana McKean and John Byron McKean filed their verified plea in abatement. They alleged that appellants' cause of action was for recovery of interests in land, the title to which was in the estate of E. B. McKean; that the administration of said estate was still pending and that Montana McKean in her representative capacity as independent executrix, and as testamentary trustee, of said estate is a necessary and indispensable party to the suit.

As noted supra at the hearing on the plea in abatement evidence was heard.

The will of E. B. McKean was duly probated. It named Montana McKean independent executrix and she qualified as such. The will disposed of the testator's property as follows:

"I give, devise and bequeath my one half of the community property of my wife and self and all of my separate property and estate of every kind and character, real, personal and mixed and wherever situated, unto my son, John Byron McKean, if he shall be twenty-one years of age at the time of my demise, but if not then in trust as hereinafter provided; but in the event he should not survive me and only in that event then. * * *

"In the event my said son be surviving but not twenty-one years of age at the time of my death, then and in that event I direct that my one half of the community and all of my separate property shall be held by my said

wife as trustee, without bond, for his benefit until he becomes twenty-one years of age."

At the time of the trial (June 25, 1956) John Byron McKean was 23 years of age.

The evidence shows that the inheritance tax on the estate of E. B. McKean has been paid and there is no evidence of any unpaid debts. There is evidence of payments by checks of oil royalties. These checks are payable to Montana McKean, Independent Executrix of the Estate of E. B. McKean, deceased, and are variously dated during the month of May, 1956. The pleadings supra refer to these checks and we think the designation of the payee therein was the selection of the companies and is of little importance here. The companies in issuing the checks were pursuing what they deemed to be sound business principles. See Cartledge v. Sinclair Refining Co., Tex.Civ.App., 280 S.W.2d 312.

■ By his will E. B. McKean disposed of his estate only. Appellants do not attack the will nor the trust created thereby and do not assert any interest in the estate. As we have stated there appears to be an absence of debts against the estate, or, at least, the evidence does not show the existence of any, and more than four years had elapsed since the will was probated. Under these conditions it is to be presumed that administration of the estate was closed. Nesbitt v. First Nat. Bank of San Angelo, Tex.Civ. App., 108 S.W.2d 318, 320.

■ The terms of the will of E. B. McKean are unconditional. The terms are certain and definite and leave no discretion to the independent executrix as to the handling or management of the property after John Byron McKean reaches the age of 21 years. He having reached that age the estate passed to him unconditionally. When the original petition and the first amended petition were filed the property belonging to the estate of E. B. McKean, deceased,

had legally ceased to be property of that estate, had become the property of John Byron McKean and the independent executrix was not a necessary party. Cook v. Baker, Tex.Com.App., 45 S.W.2d 161.

Appellants do not by their suit undertake to partition the estate of E. B. McKean, deceased, and do not assert any interest in that estate but assert they are joint owners with the estate of properties and seek to have their undivided interests segregated from the interest which under the will is owned by John Byron McKean. Cyphers v. Birdwell, Tex.Civ.App., 32 S.W.2d 937. Er. ref.

It appears that all persons owning or claiming any interest in the properties were made parties and that John Byron McKean, one of such parties, is the uncontested owner of the estate of E. B. McKean, deceased. There was no necessity for an administrator or executor to be a party. Citizens' Nat. Bank of Cameron v. Lyons, Tex.Civ.App., 71 S.W.2d 296.

This is not a "suit against the estate of a decedent involving the title to real estate * * *" and Art. 1982, Vernon's Ann.Civ. St. is not applicable.

We have concluded that Montana McKean, independent executrix of the estate of E. B. McKean was not a necessary and indispensable party to appellants' suit for which reason it is not necessary for us to consider the status of the property of the partnership after the death of either of the partners.

All other points presented will not likely arise on the trial of this cause and it is not necessary for us to consider them.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.