### ZACHRY et al. v. MOODY et al.
### No. 2366.

Court of Civil Appeals of Texas. Beaumont. April 6, 1933.

Rehearing Denied April 26, 1933.

Atlas Jones, of Uvalde, for appellants.

Ditzler H. Jones, of Uvalde, for appellees.

WALKER, Chief Justice.

This suit was filed in the district court of Uvalde county on the 28th day of February, 1928, by J. H. Zachry and Mrs. Mollie E. Brown, a feme sole, for herself and as survivor of the community estate of herself and her deceased husband, L. G. Brown, against Alma Moody and her guardian, A. R. Moody, to recover a certain tract of land in the city of Uvalde, Uvalde county, containing about one-half acre of land. As grounds for relief, plaintiff pleaded that on or about the 18th day of September, 1914, A. R. Moody, as guardian of Alma Moody, executed to J. H. Zachry and L. Old a deed in writing to the land sued for; that the land was the separate property of Alma Moody, and that the deed had not been recorded and was lost; that Old, on May 7, 1915, conveyed his one-third undivided interest to L. G. Brown, the husband of plaintiff Mollie E. Brown, as part of their community estate. Plaintiffs also pleaded title by ten years' limitation. Service was had by publication, and on the 31st day of March, 1928, the attorney appointed by the court to represent the defendants filed the following special answer:

"Third: And for further answer herein the defendant A. R. Moody, shows to the Court that Alma Moody his wife is dead, that she died on or about March 20th, 1919, at San Antonio, Texas, and left surviving her, two children, Arthur Edward Moody, a son, and Margaret Irene Moody, a Daughter, both of whom are still living, which two children inherited the property in question from their mother at her death, and defendant A. R. Moody now intervenes, as next friend and as father, for said children, and ask that they be made parties to this suit as they own the property in question and described in plaintiffs petition, and defendant A. R. Moody, now as their father files this plea of intervention for and in their behalf, and ask that they be made parties defendant herein in order that they may defend their title and right to said property.

"Wherefore he ask that said children and heirs of the Alma Moody deceased, be made defendants to this suit, as they own the property in question and have title thereto in fee simple.

"Ditzler H. Jones,
"Attorney for Defendants."

On the 20th day of August, 1930, the original plaintiffs, joined by H. B. Zachry and E. L. Zachry, a feme sole, filed their first amended original petition, naming as defendants Arthur Edward Moody, Margaret Irene Moody, and A. R. Moody, individually and as guardian of his deceased wife, Alma Moody, who was dismissed from the suit on the allegations that she died on the 20th of March, 1919, that there was no administration on her estate, and none needed. On the 14th and 15th of September, 1931, the defendants answered by special pleas that Arthur Edward Moody and Margaret Irene Moody were the only surviving children of Alma Moody, deceased, who died on the 20th of March, 1919; that the land in controversy was her separate estate; that she was legally adjudged insane before the date of the alleged execution of the deed pleaded by plaintiffs, and was insane continuously to the date of her death on March 20, 1919, and during all this time was confined in a state institution for the insane; that Arthur Edward Moody was born the 19th of January, 1906, and Margaret Irene Moody the 18th of April, 1912, and married Lloyd Hawkins in January, 1930. On these facts the defendants pleaded the insanity of their mother, their minority, and the coverture of Margaret Irene in bar of the statute of limitation. The evidence established without controversy all the allegations of these special pleas by the defendants. All the evidence was without controversy to the effect that in 1914, after the date of the alleged deed, or in 1915, the plaintiffs took possession of the land in controversy, and claimed, occupied, used, and enjoyed it in full compliance with

the statute of ten years' limitation (Rev. St. 1925, art. 5510), and that they perfected a title under that statute, provided they were entitled to its benefits for any period of ten years during their occupancy. The guardianship of the estate of Alma Moody was dismissed and closed on the 22d of February, 1915.

The court submitted to the jury only the issue of execution and delivery by A. R. Moody of the deed to J. H. Zachry and L. Old, which was answered in the negative. The request of plaintiffs to submit the issue of limitation was refused. On the verdict judgment was entered in favor of the defendants and against the plaintiffs for the land in controversy. Only the Zachry plaintiffs appealed from the judgment. Mrs. Mollie E. Brown did not appeal.

■ The facts clearly support the verdict of the jury on the issue of the execution and delivery of the deed, and all propositions challenging this finding are overruled.

■■ As Alma Moody was insane at the time appellants took possession of her property, the running of the statute of limitation in their favor was suspended by article 5518, R. S. 1925, until her death on March 20, 1919; and, as no administration was had on her estate, article 5538, R. S. 1925, further suspended the running of the statute until one year after her death; that is, until March 20, 1920. Under article 5544, R. S. 1925, the disability of insanity of the mother, Alma Moody, could not be tacked to the disability of her minor children, the appellees Arthur Edward Moody and Margaret Irene Hawkins; therefore the statute of ten years' limitation began running in favor of appellants against all the appellees on the 20th of March, 1920.

■■ Did appellants have ten years' occupancy within the provisions of the statute of ten years' limitation subsequent to and between March 20, 1920, and September 14, 1931, the date appellees filed their amended answer upon which the case was tried? We think this question must be answered in the negative. When appellee A. R. Moody filed the answer, quoted above, on March 31, 1928, appellants were in possession, and under the undisputed evidence had long been in undisturbed possession of the premises. The principle of law controlling the running of the statute on these facts was thus stated by the Austin Court of Civil Appeals in Taylor v. Belcher Loan & Mortgage Co., 265 S. W. 403, 405: "The rule announced on this question is that where a claimant in possession of land brings an action to adjudicate his title and right of possession against another, who is asserting some right of title or possession, such action, when contested, suspends the running of limitation in favor of the occupant pending the final judgment. Article 5680, R. S. 1911; Welner v. Stearns, 40 Utah, 185, 120 P. 490, Ann. Cas. 1914C, 1175; Miller v. Gist, 91 Tex. 335, 43 S. W. 263; Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 246." See, also, the authorities cited by that case and Gibbs v. Lester (Tex. Com. App.) 41 S.W.(2d) 28, 80 A. L. R. 431.

In Gibbs v. Lester it was held that the suit filed by the claimant in possession did not toll the running of the statute because the claimant dismissed his suit without prosecuting it to judgment, and in that case the holding of Taylor v. Belcher Loan & Mortgage Company on the proposition before us was discussed without criticism, but was distinguished with approval. In this case the suit filed by the original plaintiffs remained on the docket until finally disposed of, and no new issue was made by the amended petition filed on the 20th of August, 1930.

■ We construe the answer filed by A. R. Moody on the 31st of March, 1928, as constituting a contest for all the appellees, and that, from the date of its filing, it suspended the running of the statute in favor of appellants. This conclusion gives appellants less than ten years' possession. Of course, A. R. Moody had the right to appear as next friend for his minor daughter. But, as Arthur Edward Moody was more than twenty-one years of age at the time the answer was filed, his father could not appear for him as next friend. However, the land in controversy was owned by the three appellees as tenants in common, and, as one of the tenants in common, A. R. Moody had the right to take the necessary steps to protect the joint possession against trespassers, as were appellants, on the finding of the jury that the deed pleaded by appellants had not been executed. That he referred to himself in relation to his son as "next friend" was wholly immaterial, because the legal relation necessary to support the answer was disclosed by its fact allegations.

■ The wife of J. H. Zachry died subsequent to the date of the alleged deed. The exact date of her death was not shown. Appellants H. B. and E. L. Zachry were her surviving children, and inherited whatever interest she had in the property. For the children to assert a title, as heirs of their mother, it was necessary for them to show that she died prior to the filing of this suit by their father, which fact was not shown.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.