**ANSLEY et al. v. MOODY et al.**

**No. 10776.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 27, 1940.

Rehearing Denied Jan. 8, 1941.

Atlas Jones, of Uvalde, and Harry B. Berry, of San Antonio, for plaintiffs in error.

Ditzler H. Jones, of Uvalde, for defendants in error.

NORVELL, Justice.

This is a direct attack in equity seeking to set aside a judgment of the District Court of Uvalde County. The judgment under attack was affirmed by the Beaumont Court of Civil Appeals and writ of error refused by the Supreme Court. We refer to the opinion of the Beaumont Court, Zachry v. Moody, 59 S.W.2d 846, for a statement as to the nature and result of the former suit.

The case is before us upon writ of error, the parties here occupying the same positions as those held by them in the trial court. Plaintiffs are Mrs. Emma Leigh Ansley and her husband, J. C. Ansley, and claim under J. H. Zachry, who was a party to the former suit. Defendants in this suit were either parties or privies to parties in the former suit. Unless the pleadings and proof of plaintiffs be sufficient to set aside the former judg-

ment, the doctrine of res judicata precludes a recovery for plaintiffs.

The facts and circumstances under which a court of equity will grant relief against a judgment upon a direct attack in equity are discussed in United States v. Throckmorton, 98 U.S. 61, 25 L. Ed. 93. There is no evidence in this case indicating the existence of extrinsic or collateral fraud which would vitiate the judgment under attack. The evidence does not support any other theory which would authorize the judgment's being set aside. The action of the trial court in instructing the jury to find for defendants was clearly correct, and the judgment based thereon is accordingly affirmed. Crane v. Leon & H. Blum, 56 Tex. 325.

Judgment affirmed.