Fernando SANCHEZ et al., Appellants,

v.

Severa CAREY, a widow, et al., Appellees.

No. 236.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 30, 1966.

C. Pearce Schaudies, Harlingen, for appellants.

Polk Hornaday, F. W. Moran, Harlingen, for appellees.

## OPINION

NYE, Justice.

This suit was brought by Severa Carey, a widow and her children, against defendant Fernando Sanchez to perpetuate and establish title to a rectangular strip of land 5 x 150 feet bordering their property. Plaintiff alleged that the rectangular tract had been in plaintiff's possession and control since 1926 until the time of suit. Trial was had before a jury which resulted in plaintiff's judgment against defendants for

title and possession of the tract in question. Defendants have perfected their appeal relying on four bills of exception covering eight points of error. No findings of fact were filed. The transcript does not include all of the exhibits referred to in the bills of exception.

The burden is on the appellant to support his claim of error with bills of exception which clearly and accurately reflects the circumstances and the rulings of the trial court. 4 Tex.Jur.2d 39, § 507. Since several of appellants' points of error and bills of exception concern the inclusion into evidence of certain instruments not brought forward in the record and certain testimony which was not fully developed or supported in the bills of exception, there is nothing in such points for this court to review. Seele v. Seele, 371 S.W.2d 922 (Tex.Civ.App. San Antonio 1963, err. ref'd, n.r.e.)

The absence of a statement of facts prevents consideration of assignments of error based on matters that should appear in a statement. On those assignments of error that cannot be reviewed without a statement of facts it must be presumed on appeal that the evidence supports the judgment of the trial court. Lane v. Fair Stores, 243 S.W.2d 683 (Tex.Sup.1951); 3 Tex.Jur.2d 696, § 448. This same rule applies where only a partial record is filed in the appellate court or the record is otherwise incomplete. Baker v. Rutherford, 293 S.W.2d 669 (Tex.Civ.App.Waco 1956, n.r.e.). With these basic rules of law in mind we consider appellants' complaints of error.

The defendant was the owner of Lots 1 and 3, Palm View Addition to the City of San Benito in Cameron County, Texas. These lots adjoined plaintiffs' property to the north. The thrust of appellants' complaint is that the plaintiffs did not plead nor claim any part of defendant's lots 1 and 3, Palm View Addition; that plaintiffs' pleadings were insufficient as a matter of law in that they failed to describe with reasonable certainty the property in question. Plaintiffs plead that the land in question was a rectangular strip of land 5 feet wide and about 150 feet long as reflected in the red rectangular area on Exhibit A attached to their pleading. They alleged that Exhibit A was a photostatic copy of a plat prepared by J. E. McNally, a consulting engineer, dated July 8, 1958, showing portions of the Kent and Palm View subdivisions in the City of San Benito, Texas; they further described the rectangular tract as being a portion of land just south of plaintiffs' land as shown on Exhibit A outlined in red which has been in possession and control of the plaintiffs. Praying further for a temporary injunction, the plaintiffs plead that the defendant had informed the plaintiffs that he was going to tear down plaintiffs' fence shown on Exhibit A as being the red line "XY" and would construct a fence on his own land 5 feet further north as set out on the red line marked "MN". (XY and MN on Exhibit A designates the 4 corners of the red rectangular strip of land separating plaintiffs' and defendant's property). Defendant answered stating that he was the owner of lots 1 and 3 in Palm View addition; that plaintiffs had unlawfully and illegally and without claim of title held, used and possessed the 5 x 150 foot tract delineated in red in plaintiffs' Exhibit A to his damage. Pleading further, the defendant asked the court to quiet title to the 5 x 150 foot strip delineated in red on plaintiffs' Exhibit A as being a part of Lots 1 and 3, and asked the court to award him damages for the loss of a sale of his land because of the fence on his property and for rent covering the time plaintiffs were in possession of the strip in question.

The plaintiff must set forth in his pleading a description of the land sufficient to identify it. Plaintiffs' Exhibit A was introduced into evidence and referred to by both parties in their pleadings. The plat was admittedly prepared by the surveyor employed by the defendant and used in the

pleading by both parties. It is proper for the trial court and for this court on appeal to consider all of the pleadings to provide sufficient identification of the disputed property. Wallace v. Neumann, 74 S.W.2d 283 (Tex.Civ.App.Eastland 1934, err. ref'd.). We hold that the pleadings sufficiently identified the defendant's property as being the land in question.

■ Defendant complains further that the trial court erred in submitting the controlling special issue with no further description of the land in the special issue than the words "the 5 x 150 foot rectangular strip of land in question" as a means of describing the disputed property. See Wofford v. Miller, 381 S.W.2d 640 (Tex. Civ.App.Corpus Christi, 1964, writ ref'd. n. r. e.). Defendant failed to object to the alleged defective submission of the court's charge as required by Tex.R.Civ.P. 274. Therefore, the defect if any, is waived. Allen v. American National Insurance Company, 380 S.W.2d 604 (Tex.Sup.1964).

■ The defendant complains of the wording of the judgment of the trial court wherein the court relies on a plat (Exhibit A) for a legal description of the property and refers to lots 1 and 3, when the special issue referred only to a 5 x 150 foot strip of land. The judgment describes the land as being:

"* * * that certain rectangular strip of land involved in the lawsuit and being the North 5 feet of Lots One (1) and Three (3) of Palm View Subdivision to the City of San Benito, Cameron County, Texas, according to the official map and plat records thereof of said subdivision, recorded in Volume 6, Page 37, on file in the County Clerk's Office in Brownsville, Texas, to which official map and its record reference is made for all purposes, and as said rectangular tract is further portrayed in the shaded portion of the diagram shown on the following page of this judgment depicting a portion of the Kent and Palm View Subdivision in the City of San Benito, Cameron County, Texas, to wit:"

Next follows the diagram which is attached to the judgment and is a photostatic copy of Exhibit A. The description is sufficient to support the judgment. Without a complete record before us we must presume that the evidence included the official map and plat records on file in the county clerk's office. The court's reference to the diagram is not error since such map was introduced into evidence and its relevancy is admitted by both parties where they referred to such exhibit to identify the disputed tract in their pleadings.

■ Defendant complains of the introduction of defendant's tax deeds to lots 1 and 3 as being irrelevant, immaterial and highly prejudicial. The deeds are not included in the transcript nor are any facts shown in the bills of exception which would show error. Where appellant failed to preserve complaint regarding inclusion of certain evidence by bringing forward the instruments, there was nothing for the reviewing court to consider. Rosenfield v. Childs, 304 S.W.2d 391 (Tex.Civ.App. Texarkana, 1957 no writ).

■ Defendant next complains of plaintiffs' introduction of their own deeds to their property for the reason that because the deeds describe the land by metes and bounds, such legal description was confusing to the jury. In absence of a statement of facts or a complete bill of exception, this point cannot be considered.

■ Finally, defendant complains that the trial court erred in permitting to be introduced into evidence a statement made by him at a prior hearing. At the preliminary hearing on the temporary injunction the defendant stated that he did not wish to be represented by counsel. At the conclusion of the hearing the court granted a temporary restraining order restraining the defendant from removing the fence on the property in question. At the conclusion,

the defendant requested permission to make a statement to the court. He said: "* * * so if you want to give 5 feet to them I have no objection * * *." This statement was admitted into evidence sometime during the course of the trial. Defendant complains that this statement amounted to a declaration against his interest whereas in reality, it was made in the light that he was willing to acquiesce in the trial court's ruling as a law abiding citizen. This court, having no statement of facts, has no basis on which to determine the circumstances under which such statement was admitted. If such statement was error the defendant has failed to show probable harm. Tex.R.Civ.P. 434. This point is overruled.

Judgment of the trial court is affirmed.