**UNITED STATES FIRE INSURANCE COMPANY, Appellant,**

v.

**Carolyn J. MONN, Appellee.**

**No. 2–82–082–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 18, 1982.

Rehearing Denied Dec. 23, 1982.

Law Office of James P. Wagner and James P. Wagner, Fort Worth, for appellant.

Herrick & Purcell and Kirk Purcell, Fort Worth, for appellee.

Before MASSEY, C.J., and RICHARD L. BROWN and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a judgment awarding worker's compensation benefits for permanent total incapacity to appellee Mrs. Carolyn J. Monn.

We affirm.

Trial of this case was had before a jury. Appellee Mrs. Monn testified that she was employed as a "Home Health Aide" by the Family and Individual Services association. Mrs. Monn told the jury that her duties included certain light housework, cooking and caring for her employer's clients, primarily elderly people. Mrs. Monn said that on July 10, 1980 she was caring for one such elderly lady. When Mrs. Monn noticed that the lady appeared wobbly and about to fall, Mrs. Monn turned quickly to steady her. At that time, Mrs. Monn says, she felt a pain in her back. Within a few days the pain became worse, and by the time of trial Mrs. Monn testified that she could not perform the tasks of an ordinary working woman due to the bad back. The jury found that Mrs. Monn's injury had occurred in the course of her employment and that such injury was total and permanent. Pursuant to these fact findings, the court awarded Mrs. Monn judgment against appellant United States Fire Insurance Company, Mrs. Monn's worker's compensation carrier, which had earlier denied her claim.

Appellant challenges the judgment by three points of error. Point of error number one alleges that the court erred in refusing to submit appellant's proposed definition of the term "partial incapacity" to the jury in violation of Tex.R.Civ.P. 277 and 279. We disagree. We find that appellant failed to raise the issue of "partial disability" by way of written pleadings. According to Rule 279 a party is not entitled to the submission of any issue where such issue is raised only by general denial and not by an affirmative written pleading. It was therefore unnecessary for the trial court to tender a definition of "partial incapacity" where such issue was improper for submission on the state of the pleadings.

Although appellant also contends that the issue was raised by the evidence, the court denied appellant's motion for a trial amendment. There being no evidence of a written amendment having been tendered below, we cannot say that the court erred in refusing the requested definition. *See Robert Nanney Chevrolet Co. v. Evans & Moses,* 601 S.W.2d 411 (Tex.Civ.App.— Beaumont 1980, no writ). We also find that appellant's requested definition was not submitted in proper form. The requested definition at issue here was made by appellant orally, by way of an objection to

the charge. Rule 279 states that the failure to submit a requested definition shall not be deemed a ground for reversal unless such definition is tendered in writing. In addition, Tex.R.Civ.P. 273, requires that requests for definitions be prepared and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties for examination and that such requests be made separate and apart from such party's objections to the court's charge. Neither rule was followed in the case at hand. Appellant's point of error number one is overruled.

Appellant's second ground of error contends that the court below erred in refusing to grant appellant's motion for a continuance. Appellant alleged at a hearing on the day of trial that appellant had been unable to obtain certain discovery and that additional time was needed to fully develop its defense. The court denied the motion on the ground that appellant had not used due diligence in its attempt to obtain discovery.

A party seeking a continuance for the purpose of obtaining testimony must use diligence in its attempts to obtain such evidence. Tex.R.Civ.P. 252. The overruling of a motion for continuance rests in the sound discretion of the trial court and will not be overturned unless there is an abuse of discretion. *Celanese Coating Co., Devoe Paint Div. v. Soliz*, 541 S.W.2d 243 (Tex.Civ. App. Corpus Christi 1976, no writ).

■ The record in this case shows that suit was filed in February of 1981. The case was set for trial to begin on January 25, 1982 upon Mrs. Monn's motion for preferential setting of which appellant received notice on November 25, 1981. While appellant complains that it received no medical authorization from appellant until December 14, 1981, the record also shows that appellant made no motion for production until October 15, 1981, over seven months after its original requests for production. In addition we find that some of the evidence which appellant sought to obtain from a certain doctor in Tennessee who had treated Mrs. Monn at some time in the past

was not known to exist by appellant until Mrs. Monn's deposition was taken. This deposition was not requested until the week before trial. We hold that these facts do not support a finding that the trial court abused its discretion in refusing to grant a continuance on the ground of appellant's failure to use due diligence in obtaining discovery. Ground of error number 2 is overruled.

■ Appellant's third and final ground of error complains of improper jury argument on the part of Mrs. Monn's attorney. Appellant argues that at trial Mrs. Monn's counsel made constant, repetitious and derogatory references to appellant's status as an insurer and that such statements were calculated to inflame the passions and prejudices of the jury. Although appellant refers to the derogatory statements as being constant and repetitious, appellant only draws this court's attention to three such statements. We dispose of our discussion of the first two, in their order of occurrence, by noting that although the statements are considered worthy of causing a reversal of the case by appellant, appellant did not see fit to object to either statement at trial. Without objection, any error is waived on appeal. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835 (Tex.1979).

■ The third statement complained of was made by Mrs. Monn's counsel in reference to a doctor who testified at trial that Mrs. Monn's incapacity was only temporary despite his additional testimony which Mrs. Monn's counsel felt clearly established the legal definition of total and permanent incapacity. The allegedly improper statement was that "I [counsel] think it's also fair to say, that Dr. Key does not feel comfortable testifying on behalf of a person who has had the gall to sue an insurance company." Appellant's request that the jury be instructed to disregard the statement was granted, but appellant's request for a mistrial was overruled. Although it has often been held that the mention of insurance in a case can be reversible error, such is not necessarily the case when the insurer is the named party to the suit. In

this case the derogatory statement made toward the insurer and Dr. Key is to be measured in light of those cases dealing with prejudicial arguments and the applicability of the harmless error rule. In *Standard Fire Ins. Co. v. Reese, supra,* the court held that appellant has a burden to prove that the argument by its nature, degree and extent constituted reversibly harmful error. The court also held that only in rare instances would an instruction to the jury to disregard fail to cure such an argument. We have reviewed the entire record and are of the conclusion that the jury probably would have reached its same conclusion even without having heard the complained of statements and that the argument was cured by the instruction to disregard. Appellant's ground of error number three is overruled.

The judgment is affirmed.