HOME INSURANCE COMPANY, Appellant,

v.

James E. GILLUM, Appellee.

No. 13–83–414–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 20, 1984.

Rehearing Denied Oct. 25, 1984.

William Gamble, Kenneth L. Clark, Huson, Clark, Hooks, Stephenson & O'Connor, San Antonio, for appellant.

Russell McMains, Anthony Constant, Edwards & Perry, Corpus Christi, for appellee.

Before UTTER, BISSETT and YOUNG, JJ.

## OPINION

UTTER, Justice.

This is a worker's compensation case wherein appellee recovered total and permanent disability benefits from appellant. Appellant does not challenge the sufficiency of the evidence to support the jury's verdict. Appellant primarily challenges the trial court's rulings, which excluded certain evidence and which denied certain special issues and instructions. We affirm the judgment of the trial court.

Appellee was working for his employer, Berry Contracting, on August 6, 1981, when he sustained an injury to his lower back. On August 10, 1981, the following Monday after the accident, appellee reported to work and told his foreman that he was hurting too badly to continue working. After appellee filled out an accident report, his foreman then took him to a chiropractor, who "manipulated" and stretched his back and lower extremities. After the chiropractic treatment, appellee returned to work, at which time circulatory problems of his right leg began to develop and eventually resulted, first, in the amputation of his right toe and, subsequently, in the amputation of his right leg below the knee.

■ In its first and second points of error, appellant complains of the exclusion of certain testimony, which allegedly disclosed appellee's prior medical problems and conditions and appellee's injurious and/or unsanitary practices, which included alcohol abuse, smoking and failure to take prescribed medications, all of which were alleged to be the "sole cause" of appellee's disability. In order to sustain a "sole cause" defense, an insurer has the burden of pleading and proving that the injured party's incapacity was due *solely* to former disease or former injury. *Love v. Traveler's Insurance Co.*, 395 S.W.2d 682 (Tex. Civ.App.—Texarkana 1965, writ ref'd. n.r. e.). There was no evidence, either excluded or admitted, which showed that any of the prior medical problems or conditions or any of the alleged injurious and/or unsanitary practices were the "sole cause" of appellee's incapacity; therefore, the trial court did not err in excluding such testimony. Appellant's first and second points of error are overruled.

■ In his third and fourth points of error, appellant complains that the trial court erred in refusing to submit its requested special issues relating to its alleged "injurious practices" defense pursuant to TEX.REV.CIV.STAT.ANN. art. 8307 § 4 (Vernon Supp.1984).

TEX.REV.CIV.STAT.ANN. art. 8307 § 4 (Vernon Supp.1984), in part, reads:

> If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment, chiropractor service or other remedial treatment recognized by the State, as is reasonably essential to promote his recovery, the board may in its discretion order or direct the association to reduce or suspend the compensation of any such injured employee.

Before an insurer is entitled to the submission of special issues pursuant to Art. 8307 § 4, the insurer must allege and prove a request to and a refusal by the claimant to refrain from the practice which it contends to be injurious. *Aetna Casualty & Surety Co. v. Shreve*, 551 S.W.2d 79 (Tex.Civ.App. —Houston [1st Dist.] 1977, no writ); *Millers Mutual Fire Insurance Co. of Texas v. Gilbert*, 462 S.W.2d 112 (Tex.Civ.App.— Beaumont 1970, writ ref'd. n.r.e.). In addition, the insurer must allege and prove not only that the claimant was advised to refrain from the injurious practices but also that his recovery would be hampered, imperiled or retarded if he failed to do so.

*Aetna Casualty & Surety Co. v. Shreve*, 551 S.W.2d at p. 84.

■ The evidence actually presented and the proffered evidence, which was excluded by the trial court yet was preserved by way of bill of exceptions, did not establish that appellee was ever informed by any doctor that the failure to refrain from any of the alleged "injurious practices" would "imperil" or "retard" his recovery. Thus, appellant was not entitled to the submission of its "injurious practices" defense issues. The trial court did not err in refusing appellant's related requested special issues. *Aetna Casualty & Surety Co. v. Shreve*, 551 S.W.2d at pp. 83–84. Appellant's third and fourth points of error are overruled.

■ In its fifth point of error, appellant asserts that the trial court erred in refusing to admit certain hospital records for the purpose of impeaching appellee, who had earlier testified regarding his physical condition prior to the injury. It is not clear whether appellant challenges on appeal (1) the trial court's failure to admit the complete hospital record offered or (2) the trial court's failure to admit excerpts from the hospital record which appellant subsequently offered into evidence after appellee's objection to the admission of the complete hospital record was sustained. Nothing is presented for our review because neither the original hospital record nor the excerpts therefrom, to which appellee's objections were sustained, were included in the record. TEX.R.CIV.P. 373; *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Co., Inc.*, 602 S.W.2d 282 (Tex.Civ.App.—Dallas 1980, no writ); *Sanchez v. Carey*, 409 S.W.2d 458 (Tex.Civ.App.—Corpus Christi 1966, no writ).

■ In addition, neither the complete hospital records nor the excerpts therefrom were admissible for impeachment of appellee. In order for a prior inconsistent statement to be admissible for impeachment purposes alone, the witness to be impeached must first be confronted with the alleged prior contradictory statement. *Garcia v. Sky Climber, Inc.*, 470 S.W.2d 261 (Tex.Civ.App.—Houston [1st Dist.]

1971, writ ref'd. n.r.e.). Since appellee had not been confronted with the excluded documents during his examination before the trier of fact, no proper predicate for the admission of the documents for impeachment purposes had been laid. Appellant's fifth point of error is overruled.

In its sixth point of error, appellant asserts that the trial court erred in excluding from evidence a health insurance claim form, which was introduced allegedly for the purposes of showing an admission against interest and of impeachment. The excluded health insurance claim form was prepared by the office of one of appellee's treating physicians and was signed by appellee. In the "Patient and Insured (Subscriber) Information" section of the claim form, an "x" indicated that appellee's "condition" was not related to his employment. After appellee testified in a bill of exceptions that he had never taken the position that his injury was not related to his employment, appellee was confronted by appellant's attorney with the health insurance claim form. When confronted with the claim form, appellee testified that his signature was affixed to the claim form, that he had not read the claim form but had just signed it and that he did not remember when or where he was or whether the claim form had been completed at the time he signed the document. At the conclusion of the bill of exceptions, appellant specifically offered the top part of the health insurance claim form, Items 1–12, and the related testimony of appellee into evidence for the purpose of showing a prior inconsistent statement by appellee for impeachment purposes.

■ We have carefully examined the specific portion (Items 1–12) of the claim form offered by appellant and find that it contained no description of any type of illness or injury allegedly sustained by appellee. The "condition", which was not related to his employment, could have referred to any number of undescribed illnesses or injuries. Therefore, the unidentified "condition" could not be used to impeach appellee's statement that he had nev-

er taken the position that his present injury was not related to his employment. Also, the tendered portion of the claim form made reference to appellee as "insured" for purposes of health insurance coverage. The trial court did not err in sustaining appellee's objection as to relevancy and to violation of the collateral source rule. Appellant's sixth point of error is overruled.

In its seventh point of error, appellant complains of the trial court's denial of its requested special issue and instruction as a denial of its right to the separate submission of its affirmative "sole cause" defense theory, to wit: the incapacity of appellee, if any, was caused solely by the injury to his right leg.

The trial court, in defining "producing cause" in its charge, without objection by appellant, instructed the jury regarding "sole cause" as follows:

"PRODUCING CAUSE" means an injury or condition which, either independently or together with one or more other injuries or conditions, results in incapacity, and without which such incapacity would not have occurred, when it did. There may be more than one producing cause of an incapacity, *but there can be only one sole cause. If an injury or condition was the sole cause of an incapacity, then no other injury or condition could have been a producing cause.* (Emphasis added).

As submitted in the court' charge, appellee's theory of the case was that appellee was entitled to worker's compensation benefits based upon a general injury to his back sustained during the course of his employment. Appellant's requested issue and instruction attempted to disprove appellee's claim that his incapacity was caused by a general injury by inquiring whether appellee's total incapacity was solely caused by a specific injury. Appellant's requested issue and instruction did not represent an affirmative defense; rather, the requested issue, together with the requested instruction, constituted an inferential rebuttal issue. *Gulf Ins. Co. v.*

*Hodges,* 513 S.W.2d 267 (Tex.Civ.App.—Amarillo 1974, no writ).

TEX.R.CIV.P. 277 provides that inferential rebuttal issues are to be submitted to the jury by way of an instruction. *Charter Oak Fire Insurance Co. v. Taylor,* 658 S.W.2d 227 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Select Insurance Co. v. Boucher,* 551 S.W. 67 (Tex.Civ.App.—Houston [1st Dist.] 1977) affirmed, 561 S.W.2d 474 (Tex.1978). TEX.R.CIV.P. 277 only requires that the trial court submit such explanatory instructions and definitions as shall be proper to enable a jury to render a verdict. "The sufficiency of the explanations necessary to that end is largely left to the discretion of the trial judge." *McCane Sondock Detective Agency v. Penland Distributors, Inc.,* 523 S.W.2d 62 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). It is clear that the applicable standard of review is abuse of discretion. *Charter Oak Fire Insurance Co. v. Taylor,* 658 S.W.2d at p. 229. The trial court did not abuse its discretion in refusing appellant's requested instruction regarding its "sole cause" defense, as the trial court had already submitted, without objection, an adequate explanatory instruction on "sole cause" in conjunction with its definition of "producing cause." Appellant's seventh point of error is overruled.

Appellant, in its eighth and ninth points of error, complains of the exclusion of evidence relating to certain forms of income received by appellee. Appellant argues that the excluded evidence should have been admitted because of its relevance to the issue of hardship. Appellant had previously offered to stipulate that any award received by appellee pursuant to a jury verdict would be paid in lump sum and that there would be no necessity for submission of the issue of hardship. The offer was rejected by appellee. During the trial, appellee testified that it would be difficult for him and his family to live on a net weekly worker's compensation benefits of approximately $99.00. In a bill of exceptions, appellee testified that, since the accident in question, he had been receiving (1) $222.00

per month from a Veteran's Administration pension, (2) assistance from the Texas Department of Human Resources in the form of more than $100.00 in food stamps and (3) social security benefits of at least $568.00 per month. Appellant tendered this testimony for limited consideration on the issue of hardship. The testimony was excluded on the basis of the collateral source rule.

 Even though the testimony was relevant to the issue of hardship, the trial court did not abuse its discretion in excluding the tendered evidence on the basis of violation of the collateral source rule. *See Pacific Employer's Indemnity Co. v. Johnson,* 448 S.W.2d 205 (Tex.Civ.App.—Beaumont 1969, no writ). In any event, in light of appellant's offer to stipulate to the award of the lump sum, the exclusion of the evidence was harmless error. TEX.R. CIV.P. 434. Appellant's eighth and ninth points of error are overruled.

 In its tenth point of error, appellant asserts that the trial court erred in refusing to allow appellant to use an employee of its insured as a company representative during the trial. Appellant specifically requested that Mr. Holman be allowed to sit at counsel's table during the trial for consultation purposes because he was "familiar with the operations" of the insured, Berry Contracting. Appellant has not cited and we do not find any cases which stand for the proposition that the trial court's denial of the request could have possibly been reversible error. There is no showing in the record of what benefit Mr. Holman could have possibly rendered to appellant's counsel in the preparation or presentation of the evidence except that Mr. Holman was "familiar with the operations" of the insured, Berry Contracting. The trial court did not abuse its discretion in denying appellant's request. Appellant's tenth point of error is overruled.

 In its eleventh through fourteenth points of error, appellant alleges that the trial court erred in submitting its instruction to Special Issue No. 2 and in submitting Special Issue No. 6 because (1) each constituted a comment on the weight of the evidence by assuming appellee's incapacity, if any, was caused by medical treatment and (2) each does not require the jury to find that the aggravating medical treatment was *reasonable or necessary* as a result of appellee's back injury, if any. The instruction and special issue, of which appellant complains, follow:

## SPECIAL ISSUE NO. 2

Was the injury a producing cause of any total incapacity?

You are instructed that *where* total incapacity results from medical treatment instituted to cure and relieve an employee from the effects of his injury, the total incapacity is regarded as having been caused by the initial injury since it is an aggravation regarded as a probable sequence and natural result likely to flow from the initial injury.

\* \* \* \* \* \*

## SPECIAL ISSUE NO. 6

Find the reasonable costs of necessary and medical care required by James Gillum as a result of his injury, including its aggravation, *if any,* by medical treatment. (Emphasis added).

When read as a whole, the court's charge, including both the instruction to Special Issue No. 2 and Special Issue No. 6, does not advise the jury to assume (1) that the aggravation of appellee's back injury, if any, was caused by medical treatment or (2) that appellee's incapacity, if any, was caused by the aggravating medical treatment, because of the use of the conditional terms, "where" and "if any," which precluded said assumptions. *See McDonald Transit, Inc. v. Moore,* 565 S.W.2d 43 (Tex. 1978).

 Appellant did not plead that the aggravating medical treatment was *unreasonable or unnecessary* as the result of the initial injury. Even though appellant objected to the submitted special issues on

the grounds that the special issues did not require the jury to find that the aggravating medical treatment was *reasonable or necessary* as a result of the initial injury, appellant did not properly request in written form his own special issues and/or instructions containing such a requirement. *See* TEX.R.CIV.P. 273–279; *United States Fire Insurance Co. v. Monn,* 643 S.W.2d 207 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

■ Furthermore, appellant has not cited and we have not found any authority for the imposition of the "reasonable or necessary" requirement. The trial court correctly stated the law in its submission of Special Issue No. 2, as the instruction to Special Issue No. 2 utilized the language found in *Western Casualty & Surety Co. v. Gonzales,* 506 S.W.2d 303 (Tex.Civ.App.—Corpus Christi 1974), aff'd 518 S.W.2d 524 (Tex.1975), wherein our Court stated:

> Where disability or death results from medical treatment instituted to cure and relieve an employee from the effects of his injury, it is regarded as having been proximately caused by the injury and is compensable; such aggravation is regarded as a probable sequence and natural result likely to flow from the injury. 62 Tex.Jur.2d, Workmen's Compensation § 68, p. 621, and cases cited therein; *Liberty Mutual Insurance Company v. Pool,* 449 S.W.2d 121 (Tex.Civ.App.—Texarkana 1969, writ ref'd. n.r.e.); *McAdams v. Fidelity and Casualty Co. of New York,* 406 S.W.2d 518 (Tex.Civ.App.—Houston 1966, writ ref'd. n.r.e.); *Maryland Casualty Company v. Sosa,* supra.

*Western Casualty & Surety Co. v. Gonzales,* 506 S.W.2d at p. 309. Appellant's eleventh through fourteenth points of error are overruled.

The judgment of the trial court is AFFIRMED.

BISSETT, J., not participating.