EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,

v.

Mary K. GIFFORD, Appellee.

No. 2–86–087–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1987.

Rehearing Denied Feb. 18, 1987.

Strasburger & Price and Mark M. Donheiser, Dallas, for appellant.

Kugle, Stewart, Dent & Frederick and David M. Nix and R. Harold White, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This is an appeal of a worker's compensation case in which the insurance carrier complains in two points of error of the trial court's refusal to grant a continuance and order appellee to submit to psychiatric examination.

We affirm the judgment of the trial court.

The parties agree on the relevant facts of this case. On July 31, 1984, appellee was raped and beaten by two men who came into her place of employment purportedly looking for employment. Appellee filed a claim for worker's compensation benefits contending that her ordeal had caused a psychological injury which result-ed in her being totally and permanently disabled. On April 25, 1985, appellant filed suit appealing the award of the Industrial Accident Board. On October 16, 1985, appellant filed its first motion for continuance asking that a trial setting for October 28, 1985, be passed so that an independent medical examination of the appellee could be conducted. Contemporaneous with its motion for continuance, appellant filed a motion for independent medical exam requesting that the appellee be required to submit to examination by Dr. Honey Sheff. The trial court granted both of appellant's motions, ordering appellee to submit to Dr. Sheff for examination. Dr. Sheff examined appellee on November 8, 1985, and on November 11, 1985, appellee requested a trial setting for January 13, 1986. On January 9, 1986, appellant filed its "Second Motion for Continuance and for Independent Psychiatric Examination." The motion was not brought to the attention of the court until the day of trial, January 13, 1986. On January 13, 1986, appellant's motion was considered, overruled, and the parties proceeded to trial. The trial court entered judgment for appellee based upon jury findings of total and permanent incapacity.

Appellant contends that it was an abuse of discretion for the trial court to overrule appellant's "Second Motion for Continuance and for Independent Psychiatric Examination" because appellant was thereby denied the right of a complete examination by Dr. Sheff. Appellant's motion alleged that Dr. Sheff would require a number of additional consultations with appellee in order to complete an evaluation.

Appellant has attempted to characterize the trial court's action as denying an independent medical examination requested pursuant to TEX.R.CIV.P. 167a. Appellant's motion was, in fact, a second application for continuance grounded on want of testimony and subject to the requirement of TEX.R.CIV.P. 252 that the applicant must make an affidavit showing that he

has used due diligence to procure the desired testimony. Appellant's motion does not state the use of diligence in obtaining the desired testimony.

■ The statement of facts does not include the hearing on appellant's second motion for continuance. There is neither affidavit nor testimony of Dr. Sheff about the necessity of additional examinations of appellee. Attached to appellant's motion was a letter dated December 13, 1985 addressed to appellant's attorney from the attorney for appellee. In his letter, appellee's attorney refused a request for continued examinations of his client by Dr. Sheff and reminded appellant's attorney that the appellee had moved to Tennessee and was not available for further examination by Dr. Sheff. Because appellant waited until the day of trial to urge its second motion for continuance, we find that appellant was not diligent in obtaining the testimony of Dr. Sheff.

■ The granting or denying of a motion for continuance lies in the sound discretion of the trial court. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963). Absent an abuse of discretion, the trial court's determination will not be disturbed on appeal. *Beaupre v. Beaupre,* 700 S.W.2d 353, 355 (Tex.App.—Fort Worth 1985, no writ). Where an application for continuance does not conform to the requirements of the rule, it will be presumed that the court has not abused its discretion. *Garcia v. Texas Emp. Ins. Ass'n,* 622 S.W.2d 626, 630 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). The facts of the present case, where a second request for continuance was first presented to the court on the day of trial seeking the same discovery that was grounds for the first motion for continuance, do not support a finding that the trial court abused its discretion in refusing appellant a second grant of continuance. *See United States Fire Ins. Co. v. Monn,* 643 S.W.2d 207, 209 (Tex.App.— Fort Worth 1982, no writ); *Garcia,* 622

S.W.2d at 630. Both of appellant's points of error are overruled.

Judgment affirmed.